**IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

**Nos. 99–400C, 01–708C** [1].

United States Court of Federal Claims.

Sept. 29, 2006.

Sam Zalman Gdanski, Suffern, New York, for plaintiff. Scott H. Gdanski, Suffern, New York, of counsel.

Marla T. Conneely, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director, Civil Division, Department of Justice, Washington, DC, for defendant.

*OPINION AND ORDER*

HEWITT, Judge.

This case is before the court on plaintiff's Motion to Re–File Its Application for Fees and Other Expenses Under the Equal Access to Justice Act (Filing Motion).[2] Defendant opposes plaintiff's Filing Motion on the ground that plaintiff had failed to timely file

---

1. *See* Order dated April 11, 2002.

2. Although plaintiff characterizes its motion as a motion to re-file its application that it originally attempted to file on July 5, 2005, the application was never filed and, therefore, never before the court. Accordingly, the court construes plaintiff's motion as a motion to file its application in the first instance.

its application under the Equal Access to Justice Act (EAJA). For the following reasons, the court DENIES plaintiff's Filing Motion.

## I. Background

This post-award bid protest case has had a long history in this court. Plaintiff filed its protest in this court on June 28, 1999. *See* Complaint (Compl.). The court issued an opinion denying the protest on August 12, 1999. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 44 Fed.Cl. 540, 556 (1999) (*Impresa I*). Plaintiff appealed. The Federal Circuit reversed-in-part and remanded for a determination of the contracting officer's actions based on an explanation to be provided by the contracting officer. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1341 (Fed.Cir.2001) (*Impresa II*). On remand, this court sustained the protest and awarded plaintiff its bid preparation and proposal costs, in an amount to be determined based on the proof plaintiff provided of those costs. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 52 Fed.Cl. 421, 428 (2002) (*Impresa III*). The court also requested briefing on the propriety of non-monetary relief in this case. *Id.* Upon consideration of the briefing on the question of non-monetary relief, this court "enjoined [defendant] from exercising its option [under the contract at issue]," set a contract termination date of February 16, 2003, and directed defendant to "re-solicit and award th[e] contract." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 52 Fed.Cl. 826, 829 (2002) (*Impresa IV*). Finding that "plaintiff ... failed to carry its burden of proof," *id.* at 182, by failing to provide "any evidence of the bid preparation costs directly incurred by plaintiff," *id.* at 184, or those incurred by plaintiff's subcontractors, *id.* at 182, the court denied plaintiff's claim for bid preparation and proposal costs, *id.* at 184. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 61 Fed.Cl. 175, 182, 184 (2004) (*Impresa V*). Judgment was entered in favor of defendant on the issue of bid preparation and proposal costs on June 30, 2004.

Plaintiff filed an appeal of *Impresa V* with the Federal Circuit on August 26, 2004. Plaintiff moved to withdraw the appeal on December 27, 2004. Plaintiff–Appellant's Motion to Withdraw the Appeal (Fed.Cir. No. 04–5143). Defendant did not oppose the motion. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 125 Fed. Appx. 310, 310–311 (Mar. 11, 2005). On March 11, 2005, the Federal Circuit issued a mandate granting plaintiff's unopposed motion "to voluntarily dismiss its appeal." *Id.* However, chambers did not receive a copy of the mandate until April 10, 2006. The fact that the mandate was issued was not noted on the docket of the case in this court until April 17, 2006.

On July 5, 2005, plaintiff's counsel submitted to the court Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act[, 28 U.S.C. § 2412] (Application). *See* Application. Plaintiff's Application was delivered to chambers unfiled because the Clerk's Office (and the court) believed the case to be on appeal. The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...." 28 U.S.C. § 2412(d)(1)(B). By Order of July 8, 2005, the court returned unfiled plaintiff's Application because the court believed the Application to be prematurely filed on account of the court's mistaken belief that a final judgment had not yet issued. *See* Order of July 8, 2005.

On or about December 27, 2005, plaintiff's counsel submitted to the court Plaintiff's Motion for a Status Conference Regarding Plaintiff's Application for Fees and Other Expenses Under the Equal Access to Justice Act (Pl.'s Status Conference Motion). *See* Pl.'s Status Conference Motion. Plaintiff's Status Conference Motion was also delivered to chambers unfiled because the Clerk's Office (and the court) continued to believe the case to be pending on appeal. Because the court believed that the prerequisite final judgment had not yet issued so that the Status Conference Motion was premature, the court, by Order dated December 29,

2005, returned plaintiff's Status Conference Motion unfiled. *See* Order of Dec. 29, 2005.

On or about April 4, 2006, plaintiff submitted its pending motion to file its Application. On or about April 10, 2006, the Clerk's Office notified chambers of the March 11, 2005 mandate. On April 17, 2006, the mandate was noted on the docket of the case in this court.

Now before the court is plaintiff's Filing Motion. On April 14, 2006, defendant filed its Opposition to Plaintiff's Motion to Re–File Its Application for Fees and Other Expenses Under the Equal Access to Justice Act (Def.'s Resp. or Response). Plaintiff filed its Reply to Defendant's Opposition to Plaintiff's Motion to Re–File Its Application for Fees and Other Expenses Under the Equal Access to Justice Act on May 9, 2006. Because plaintiff raised new arguments in its Reply brief, the court granted defendant leave to file a sur-reply in answer to plaintiff's new arguments. Order of May 10, 2006. The court reserved the question of whether to consider the arguments raised for the first time in plaintiff's Reply brief. *Id.* (citing *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed.Cir.2002) (*Novosteel*)).

Defendant filed its Sur–Reply to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Re–File Its Application for Fees and Other Expenses Under the Equal Access to Justice Act (Def.'s Sur–Reply or Sur–Reply) on May 24, 2006. Plaintiff moved to file a brief in response to the court's Order of May 10, 2006. Plaintiff attached a copy of the proposed brief to its motion. *See* Motion for Leave to File Brief in Response to the Court's Order Dated may 10, 2006. By Order dated June 2, 2006, the court granted plaintiff leave to file the attached brief. Plaintiff filed Plaintiff's Memorandum of Law in Support of Its[ ] Motion to File a Brief to Address the Court's Order Dated May 10, 2006 Discussing [*Novosteel*] (Pl.'s Mem.) on June 15, 2006.

## II. Discussion

A prevailing plaintiff seeking costs and attorney's fees for its case against the United States under the EAJA "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as "a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). Plaintiff argues that its original EAJA application was timely filed. Pl.'s Reply 6. Plaintiff reasons that the mandate of the Court of Appeals for the Federal Circuit was not a "final judgment" and that the judgment became final only after the ninety-day period for filing a petition for a writ of certiorari to the Supreme Court had expired.[3] *Id.* at 6–7. Plaintiff argues that the date of filing of the Application should be deemed to be the original date the Application was submitted to the Clerk's Office. *Id.* at 6.

### A. Whether Plaintiff Waived Its Arguments by Raising Them For the First Time in a Reply Brief

In an Order dated May 10, 2006, the court, citing *Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed.Cir.2002), stated that it "reserve[d] judgment as to whether to consider plaintiff's new arguments" raised for the first time in its reply brief. Order of May 10, 2006. By leave of the court, plaintiff filed a memorandum arguing that the court's application of *Novosteel* to plaintiff's reply brief was improper. *See* Pl.'s Mem. Specifically, plaintiff argues that its Reply does not constitute a reply brief for purposes of *Novosteel. Id.* at 2–3 ("The initial EAJA filing was not a brief as such, arguing a position ....").

The court agrees. In this context of an opposition to a motion to file a document, where arguments are raised for the first time in the opposition brief, plaintiff's response to arguments raised for the first time in defen-

---

**3.** In the alternative, plaintiff argues that final judgment occurred on the date this court was notified of the mandate, or the date the mandate was entered on the Court of Federal Claims' docket. Pl.'s Reply 15. Because plaintiff provides no authority to support its position and because the court fails to understand why it should consider the date it was notified of the mandate—rather than the date the mandate was issued—to be the date of final judgment, the court declines to consider the date it was notified of the mandate to be the date of final judgment.

dant's opposition to a motion to file the document should be considered a response for purposes of *Novosteel,* and defendant's opposition to the motion to file the application should be construed as the initial filing. Accordingly, the court considers the merits of plaintiff's arguments below.

### B. Date of Filing Nunc Pro Tunc

Plaintiff argues that the court should, nunc pro tunc, deem its Application to be filed on the original date of submission. Pl.'s Reply 6–13. The court agrees. Because the court erred in deeming plaintiff's original motion to file its EAJA application premature, *see Anno v. United States,* 125 Ct.Cl. 535, 113 F.Supp. 673, 674 (1953) (recognizing existence of the rule that, where the error is the court's, the court may, nunc pro tunc, deem a document to be filed on the date originally submitted), the court, for purposes of reviewing plaintiff's Motion, deems the Application to have been filed on the date the court originally received it, July 5, 2005, and reviews the timeliness of the Application against that date.[4]

### C. Time for Filing an EAJA Application: When Judgment Is Final

The issue is whether the mandate issued by the Federal Circuit dismissing Garufi's appeal constituted a final, unappealable judgment for purposes of the EAJA. The mandate issued by the Federal Circuit dismissing Garufi's appeal stated: "[Garufi] moves without opposition to voluntarily dismiss its appeal of the judgment of the United States Court of Federal Claims in [*Impresa V*]. Upon consideration thereof, IT IS ORDERED THAT: (1) The unopposed motion to dismiss is granted. (2) Each side shall bear its own costs." 125 Fed.Appx. at 310–11. Rule 42(b) of the Federal Rules of Appellate Procedure governs voluntary dismissal of appeals. *See* Fed. R.App. P. 42(b) (2006). It states, in pertinent part, "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." *Id.* The Rule does not

specify whether a voluntary dismissal may be appealed. *See id.*

■ When an order to dismiss is silent as to whether it is dismissed with prejudice, the general rule is that the dismissal must be considered to have been without prejudice. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930 (11th Cir.1987); *Plumberman, Inc. v. Urban Sys. Dev. Corp.,* 605 F.2d 161 (5th Cir.1979); *Greenlee v. Goodyear Tire & Rubber Co.,* 572 F.2d 273 (10th Cir.1978). The Federal Circuit has stated, in a case not citable as precedent, but which the court refers to here to provide context, that it "generally" does not specify whether an appeal is dismissed with or without prejudice. *Associacion Colombiana de Exportadores de Flores v. United States,* 173 F.3d 433, 433 n. 1, 1998 WL 741147 (Fed.Cir.1998) (Table) (*Associacion Colombiana*). The Federal Circuit has also stated in a case of voluntary dismissal that is also not citable as precedent that whether an appeal is dismissed with or without prejudice "is a distinction without a difference" because the appeal would "never be reinstated. Any future appeal after a final judgment will be assigned its own docket number." *Process Control Corp. v. Hydreclaim Corp.,* 119 F.3d 13, 1997 WL 355275, at *1 (Fed.Cir.1997) (Table) (*Process Control Corp.*). The panel in *Process Control Corp.,* therefore, understood the voluntary dismissal to be a "final judgment." *See id.*

■ While the court cannot rely on the *Associacion Colombiana* or the *Process Control Corp.* cases as precedent, the court determines, in accord with those decisions, that not only is plaintiff's voluntary dismissal of its appeal in the Federal Circuit a "final judgment" there, but it is also "unappealable." *See Process Control Corp.,* 1997 WL 355275, at *1. Because Garufi voluntarily moved to dismiss, it could not file a petition for a writ of certiorari in the Supreme Court. *Bryan v. Office of Pers. Mgmt.,* 165 F.3d 1315, 1321 (10th Cir.1999) (finding that the

---

4. Plaintiff also argues that if the court deems the filing date to be the date its most recent application was submitted, April 4, 2006, the court should determine its application to be timely filed. Pl.'s Reply 15. Because the court does not deem the filing date to be April 4, 2006, the court does not address plaintiff's arguments on this subject.

plaintiff could not appeal the district court's order because she had voluntarily moved to dismiss); *See United States v. Procter & Gamble Co.,* 356 U.S. 677, 680, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) (stating the rule that "a plaintiff who has voluntarily dismissed his complaint may not sue out a writ of error"). Any other interpretation of the effect of a voluntary dismissal would allow a plaintiff to circumvent the appeals process and seek review directly in the Supreme Court. Nor could defendant appeal. Defendant could not appeal the Federal Circuit's dismissal of the appeal because judgment was entered in its favor. Nor could defendant appeal the order of this court because the time for that appeal had expired.

This construction makes sense because the question, in determining whether the filing of an EAJA application is appropriate, is whether the defendant—the United States, against whom judgment issued—can disturb the judgment. This is the appropriate question because the plaintiff is seeking fees to cover the costs of the judgment that the plaintiff won, and the plaintiff may only obtain fees under the EAJA when the judgment in its favor is "final." *See* 28 U.S.C. § 2412(d)(1)(B). Under a functional approach to the final judgment rule contained in the EAJA statute, judgment is final when the plaintiff has notice that the time for the defendant's appeal has expired. *See Myers v. Sullivan,* 916 F.2d 659 (11th Cir.1990). The Court of Appeals for the Tenth Circuit has adopted this functional approach to the timeliness inquiry under EAJA. *Id.* at 669. The Tenth Circuit has stated:

> [T]his court has adopted a functional approach in determining what constitutes a "final judgment" under the EAJA. Under this approach, we have construed the Act's definition of "final judgment" as designating "the date on which a party's case has met its final demise," such that there is no longer any possibility that the district court's judgment is open to attack. Application of this functional approach leads to the conclusion that a "final judgment" is, to a great extent, dependent upon the actions taken by the government subsequent to entry of the district court's judgment.

*Id.* (citations omitted). In this case, plaintiff was on notice that defendant could not appeal the judgment below, which was the judgment that mattered from an EAJA perspective. *See* Fed. R.App. P. 4(a)(1)(B) (providing that notice of appeal must be filed within 60 days after judgment is entered); *Impresa V* (entering judgment on June 30, 2004 and thereby providing notice of appeal deadline). Plaintiff also knew that defendant could not, as a practical matter, appeal from plaintiff's voluntary dismissal of its appeal because judgment entered in defendant's favor. *See Impresa Construzioni Geom. Domenico Garufi,* 125 Fed.Appx. at 310–11 (dismissing case against defendant pursuant to plaintiff's motion). Under a functional approach, then, the judgment was final on the date the mandate issued. *See Myers,* 916 F.2d at 669.

The thirty-day time period within which plaintiff could file an EAJA application for the judgment entered in its favor began to run on March 11, 2005, the date the mandate was issued. *See Impresa Construzioni Geom. Domenico Garufi,* 125 Fed.Appx. at 310–311. The time for filing an EAJA application expired on April 10, 2005. Plaintiff's original date of filing of July 5, 2005, 112 days after the mandate issued, fell outside the period permitted by the EAJA for filing an application for costs and attorney's fees pursuant to EAJA. *See* Application.

D. Whether the Doctrines of Waiver, Estoppel, and Laches Bar Defendant From Raising the Timeliness Issue at This Juncture

Plaintiff also argues that because defendant failed to object to the filing of its application at the time it was originally submitted, defendant is barred from objecting to the filing of the EAJA application now pursuant to the doctrines of waiver, estoppel and laches. Pl.'s Reply 14. Plaintiff states that, "[w]hen [the court] first issued the return of the EAJA filing as premature on July 8, 2005, and a second denial of status conference filed on December 13, 2005, the government was required to either appeal that decision or file an appropriate motion, otherwise the government has waived any objection."

*Id.* Plaintiff states, "The government should not be permitted to rest on what it now perceives as an erroneous determination by the Court as to the premature nature of the filing of the EAJA application when it held that position all along." *Id.* at 15. Plaintiff does not argue the doctrines of estoppel or laches specifically. Defendant responds, "Because the Court issued an order rejecting Garufi's EAJA application before the United State[ ]s['] deadline to file a responsive pleading [had passed], no answer or responsive pleading to that application was ever required from the United States." Def.'s Sur-Reply 8–9. Defendant also argues that laches does not apply in the circumstances of this case, *id.* at 9 ("[L]aches is an affirmative defense to a claim. It is not a defense to a defense.") (citation omitted), and that plaintiff has not asserted and is not able to establish the elements of estoppel, *id.* at 9–10.

RCFC 7.2(a) provides, "Unless otherwise provided in these rules or by order of the court, responses or objections to written motions shall be filed within 14 days after service of the motion." RCFC 7.2(a). The Clerk's Office received plaintiff's original EAJA application on July 5, 2005. The original application was not accompanied by a motion to file the application. The court issued an order returning the application on July 8, 2005. *See* Order of July 8, 2005. Even assuming, therefore, that plaintiff had filed a motion to accompany plaintiff's original application, a response from defendant would not have been due until well after the date the court issued its order returning the application unfiled. Plaintiff's contention that defendant was required to object to plaintiff's motion for a status conference in order to preserve its ability to object to the filing of an EAJA application also lacks merit. Defendant need not have objected to plaintiff's motion for a status conference in order to preserve its objection to filing an EAJA application because a motion for a status conference about the proper time for filing an EAJA application is not equivalent to a motion to file an EAJA application.

■ The basic reason why plaintiff's argument must fail is that the parties cannot stipulate to legally relevant facts and thereby alter the proper time for filing an EAJA application under EAJA. *See Gresham & Co. v. United States,* 200 Ct.Cl. 97, 470 F.2d 542, 551 (1972) (holding that the legal effect of a legally relevant fact is not the proper subject of a stipulation); *Julius Forstmann & Co. v. United States,* 26 C.C.P.A. 336, 340 (Cust. & Pat.App.1939) (not reported in F.2d) ("It is the function of the court, not the function of a stipulation, to apply the statute to ultimate facts."); *see also Hankins v. Lyght,* 441 F.3d 96, 104 (2d Cir.2006) ("We are required to interpret federal statutes as they are written ... and we are not bound by parties' stipulations of law."); *Kamen v. Kemper Fin. Servs. Inc.,* 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."). The date of final judgment, for the purposes of the EAJA statute, cannot be stipulated to by the parties or altered by the court. *See Julius Forstmann & Co.,* 26 C.C.P.A. at 339 (finding the court unable to accept stipulation of parties as to ultimate facts and also unable to take judicial notice of those facts because there was nothing to support the interpretation urged by the parties or which the court could use to reach the same conclusion); *Hankins,* 441 F.3d at 104 (finding that it is the province of the court and not the parties to interpret the statute and apply it in accordance with that interpretation). Similarly, the parties are not in a position to concede the fact that the date of filing, or attempted filing, of an EAJA application was proper. *See Gresham,* 470 F.2d at 551. Rather, the court must examine the relevant facts and make the determination. *See id.*

The court finds that defendant has not, nor could it have, waived its objection to plaintiff's untimeliness in filing its EAJA application. In addition, by "failing" to object when a response was not yet required, defendant did not waive its objection, nor is it estopped from now raising its objection, or barred from so doing by the doctrine of laches.

E. Whether Defendant Waived Its Objections to the Merits of Plaintiff's Application, Which Is Not Yet Pending Before the Court

Plaintiff argues that the government, by failing to object to the merits of the application in its Response to plaintiff's Filing Motion to file its EAJA application, waived its objections. Pl.'s Reply at 13–14. Defendant responds that "Garufi's argument incorrectly assumes that its EAJA application is pending before the [c]ourt, but it is not." Def.'s Sur-Reply at 8.

The court agrees with defendant. Response to the merits of an EAJA application is proper only when the application is pending before the court. Because plaintiff's pending motion concerned the filing of plaintiff's EAJA application in the first place and because plaintiff's EAJA application is not yet filed, defendant cannot be said to have waived its objections to the merits of plaintiff's EAJA application.

III. Conclusion

Because plaintiff's original EAJA application was untimely filed, plaintiff's Filing Motion to file its EAJA application is DENIED. The Clerk of the Court is directed to RETURN plaintiff's EAJA application unfiled.

IT IS SO ORDERED.