# United States Court of Appeals for the Federal Circuit

2007-5009


IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,

Plaintiff-Appellant,

v.


UNITED STATES,

Defendant-Appellee.


Sam Z. Gdanski, Gdanski & Gdanski, LLP, of Pomona, New York, argued for plaintiff-appellant.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel was Roger A. Hipp, Trial Attorney.

Appealed from: United States Court of Federal Claims

Judge Emily C. Hewitt

# United States Court of Appeals for the Federal Circuit

2007-5009

IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

———————————————

DECIDED:  June 27, 2008

———————————————

Appeal from the United States Court of Federal Claims in Case Nos. 99-400C and 01-708C, Judge Emily C. Hewitt.

Before NEWMAN, RADER, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge NEWMAN.  Circuit Judge RADER dissents.

NEWMAN, Circuit Judge.

Impresa Construzioni Geom. Domenico Garufi ("Impresa") appeals the decision of the United States Court of Federal Claims denying, as untimely filed, its Application for Fees and Other Expenses Under the Equal Access to Justice Act (EAJA).[1] We reverse the decision of untimeliness, and remand to the Court of Federal Claims for determination of the merits of the EAJA application.

———————————————

[1] Impresa Construzioni Geom. Domenico Garufi v. United States, No. 99-400C c/w 01-708C (Fed. Cl. Sept. 29, 2006).

BACKGROUND

In 1999 Impresa filed suit in the Court of Federal Claims, protesting a contract award by the Department of the Navy. The court denied the protest. <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 44 Fed. Cl. 540 (1999). On appeal the Federal Circuit reversed, <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 238 F.3d 1324 (Fed. Cir. 2001), and on remand the Court of Federal Claims granted the protest. However, the court denied Impresa's claim for bid preparation and proposal costs on the ground that Impresa had not provided sufficient evidentiary support for these costs. <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 61 Fed. Cl. 175 (2004). Impresa filed an appeal to the Federal Circuit on August 26, 2004, but on December 27, 2004 Impresa filed a motion to withdraw the appeal and issue final judgment in favor of the government. There was no opposition. This court granted the motion, issued final judgment on March 11, 2005, and on the same day issued the mandate. <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 125 Fed. Appx. 310 (Fed. Cir. 2005) (non-precedential).

On July 5, 2005 Impresa filed in the Court of Federal Claims an EAJA Application for Fees and Other Expenses relating to Impresa's successful bid protest. On July 8, 2005 the court rejected the EAJA application as premature, in the court's "mistaken belief that a final judgment had not yet issued." <u>Impresa Construzioni Geom. Domenico Garufi v. United States</u>, 73 Fed. Cl. 718, 719 (2006). Impresa's attempts at clarification were rejected on the same mistaken belief. On April 4, 2006 Impresa filed a motion to resubmit the EAJA application; the Court of Federal Claims then recognized its error and ruled that the EAJA application was deemed filed on its actual filing date of July 5, 2005. However, the court

also held that the July 5, 2005 filing was untimely because it occurred more than thirty days after the final judgment of this court on March 11, 2005. Although Impresa argued that the Federal Circuit's judgment had not become "final and not appealable," the words of the EAJA, until expiration of the 90-day period for filing an appeal to the Supreme Court by petition for certiorari, the Court of Federal Claims held that the EAJA petition was due within thirty days after the March 11, 2005 judgment date. This appeal is from that holding.

## DISCUSSION

In accordance with the EAJA, a party that prevails against the United States in a civil action may recover attorney fees and expenses if certain criteria are met. 28 U.S.C. §2412. The EAJA requires submission of the application "within thirty days of final judgment in the action," 28 U.S.C. §2412(d)(1)(B), and by amendment enacted in 1985 defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G). A judgment is "not appealable" in EAJA terms after the time for filing an appeal has elapsed. The question of finality for EAJA purposes received attention from the Supreme Court in Melkonyan v. Sullivan, 501 U.S. 89 (1991), where the Court ruled that the filing period under the EAJA starts to accrue only after the time to appeal has expired for all parties. Melkonyan did not address the circumstance of a final judgment entered on voluntary dismissal.

The Court of Federal Claims held that since Impresa had voluntarily requested dismissal of its appeal to the Federal Circuit, that judgment was final and not appealable as of its issue date. The Federal Rules are silent as to whether a final judgment entered on an unopposed motion for dismissal is amenable to appeal, but most of the circuits have

answered the question in the affirmative. As summarized by the First Circuit in <u>John's Insulation v. L. Addison & Associates, Inc</u>., 156 F.3d 101 (1st Cir. 1998):

> It is no longer the rule that voluntary dismissals are unappealable; to the contrary, most circuits hold that voluntary dismissals, and especially those with prejudice, are appealable final orders. *See generally 15A Federal Practice and Procedure* 3914.8 at 614-16 (citing cases); <u>cf.</u> <u>Soto v. Flores</u>, 103 F.3d 1056, 1059 n.1 (1st Cir. 1997) (noting without discussion that Plaintiff had voluntarily dismissed her complaint in order to have a final judgment from which she could appeal).

<u>Id.</u> at 107.

The regional circuits have generally applied the principle that for EAJA purposes a consent judgment of dismissal is subject to the same appeal accrual rules as other judgments. The court in <u>Hoa Hong Van v. Barnhart</u>, 483 F.3d 600 (9th Cir. 2007) stated that for EAJA filing purposes a uniform rule should be based on the statutory period to file an appeal, whether or not an appeal is likely to be filed in the particular case. In <u>Hoa Hong Van</u> the United States had consented to judgment favoring the petitioner in the district court, and no appeal was taken by either side; the government argued that the 30-day EAJA clock began on entry of the district court's judgment, because generally neither party can appeal a consent judgment. The Ninth Circuit rejected that argument, stating that <u>Melkonyan</u> rendered it inappropriate to foster a threshold EAJA debate as to whether a particular judgment is appealable "regardless of the specific form of the court's judgment, or the particular nature of the government's non-opposition to or acquiescence in an award of benefits." <u>Id.</u> at 608. The court cited the EAJA legislative history as favoring "such a uniform approach" where "litigants will have clear guidance on what is expected." <u>Id.</u> (quoting H.R. Rep. No. 99-120 at 7 (1985), *reprinted in* 1985 U.S.C.C.A.N. 132, 135).

The District of Columbia Circuit also has ruled that a single rule should apply in calculating the EAJA time periods, whatever the state of appealability of the judgment. In Adams v. Securities & Exchange Commission, 287 F.3d 183 (D.C. Cir. 2002) the court recognized divergences among the circuits and explained its preference for a uniform rule whereby the time for filing an EAJA request would run from the expiration of the time for appeal, without consideration of whether the particular final judgment would have or could have been appealed. Reasoning from the case law and legislative history concerning the term "final judgment" in 28 U.S.C. §2412(d)(2)(G), the Adams court concluded that the clarity and judicial economy of a uniform rule, applied in the administrative context as in the courts, "eliminates the high potential for confusion from determining 'appealability' on a case-by-case basis and avoids practical problems . . . ." Id. at 191. The Third Circuit in Scafar Contracting, Inc. v. Secretary of Labor, 325 F.3d 422 (3d Cir. 2003), applied the D.C. Circuit's reasoning and held that a uniform rule should apply, stating that a stricter interpretation would "breathe life into the hypothetical problems and concerns earlier expressed by this Court and others over the proper interpretation of §2412's 'final judgment' in the context of §504. We decline to adopt the [stricter] interpretation." Id. at 431.

In distinction, the Fifth and Tenth Circuits have adopted what they call a "functional approach" to determining the time for filing an EAJA petition, generally requiring the case by case exploration of whether an appeal could have been taken by either party. This approach was applied in Briseno v. Ashcroft, 291 F.3d 377 (5th Cir. 2002) to a voluntary dismissal under Rule 41(a)(2), on joint motion to dismiss without prejudice. The court stated that such dismissals are "ordinarily" not appealable, described this case as of first impression, and held that "[n]ormally, the thirty-day period would start once the time to file

an appeal has passed . . . .  In this case, however, [appellant] did not have the option to appeal" because the appellant had voluntarily dismissed under Rule 41(a)(2).  Id. at 379.  The court held that the EAJA application could not benefit from the time to file an appeal.

In Bryan v. Office of Personnel Management, 165 F.3d 1315 (10th Cir. 1999), the parties had filed a joint motion for voluntary dismissal by the district court under Rule 41(a)(2) so that the plaintiff could obtain further consideration at the administrative level; the circuit court held that the 30-day EAJA clock began running from the grant of the voluntary motion for dismissal.  However, the Tenth Circuit noted that "[e]xceptions to this rule exist, but are inapplicable to Mrs. Bryan's situation.  For instance, movant may appeal an order granting voluntary dismissal where the dismissal is with prejudice, see, e.g., Chappelle v. Beacon Communications Corp., 84 F.3d 652, 653 (2d Cir. 1996); where the dismissal disposed of fewer than all of plaintiff's claims, see, e.g., Chappelle, 84 F.3d at 653; or where the court imposes terms as a condition of permitting dismissal, see, e.g., LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603-04 (5th Cir. 1976)."  Id. at 1321 n.7, citing Chapelle, 84 F.3d at 653 (allowing appeal from a voluntary dismissal when the "solicitation of the formal dismissal was designed only to expedite review of a prior order which in effect dismissed [plaintiff's] complaint").

The variety of possible situations leads us to conclude that the better procedure is to avoid preliminary litigation of time periods for EAJA filings when there has been a voluntary dismissal, at least where the order of dismissal does not specifically prohibit appeal.  We generally agree with the circuits that have taken this path, as in Hoa Hong Van, 483 F.3d at 610; Adams, 287 F.3d at 191; and Scafar, 325 F.3d at 429.  The Court in Melkonyan explained the legislative policy of removing obstacles that had arisen to the filing of EAJA

applications. See 501 U.S. at 96 (citing S. Rep. No. 98-586, at 16 (1984)). The circuits that have preserved "functional" exceptions to the inquiry have recognized that such exceptions are narrow.

When the path of appeal would be to the Supreme Court by certiorari petition, the government argues that because it is highly unlikely that the Court would grant a petition for a case where the appeal in the circuit court had been dismissed without prosecution, the time limit for filing a certiorari petition should not apply to EAJA filings. The Court of Federal Claims observed that such a petition if filed should not be granted, for it would have the effect of bypassing intermediate appellate review. However, the question is not whether the Supreme Court might ever grant a petition in these circumstances; the question is whether Impresa was entitled to count the 90-day period for filing a petition in calculating when the Federal Circuit judgment became final and unappealable. In Latham v. United States, _F.3d_, 2008 U.S. App. LEXIS 11396 at *5 (7th Cir. May 29, 2008) the court held, applying 28 U.S.C. §2255, that a judgment entered upon a voluntary dismissal of an appeal from a conviction does not become "final" until expiration of the time for filing a petition for certiorari. That time runs from the date of the decision. See S. Ct. Rule 13.3. Further, 28 U.S.C. §1254 permits Supreme Court review where a court of appeals has not yet issued final judgment. See §1254(1) (authorizing Court review "before or after rendition of judgment."). There is no blanket prohibition on the filing of a petition for certiorari after voluntary dismissal in the circuit court.

The imposition of case by case determination of the time for filing an EAJA petition when a judgment arises from voluntary dismissal, as urged by the government, would contravene the purpose of the 1985 amendments to "give both courts and litigants clear

guidance on what is expected and avoid the unnecessary confusion which accompanied this issue in the past." H.R. Rep. No. 99-120, at 7 (1985), *reprinted in* 1985 U.S.C.C.A.N. at 135. The House Report stressed that the time for filing an EAJA fee application should not be "a trap for the unwary resulting in the unwarranted denial of fees." Id. at 18 n.26, 1985 U.S.C.C.A.N. at 146. See Myers v. Sullivan, 916 F.2d 659, 669 (11th Cir. 1990) ("Acknowledging that the thirty-day filing requirement was not designed to serve 'as a trap for the unwary,' this court has recognized that the filing requirement, although jurisdictional, should be interpreted broadly and that overtechnical constructions of the requirement should be avoided.") (citations omitted). Cf. Scarborough v. Principi, 541 U.S. 401, 414 (2004) ("the provision's 30-day deadline [of 28 U.S.C. §2412(d)(1)(B)] for fee applications and its application-content specifications are not properly typed 'jurisdictional'.")

The issue before us is not whether the Court might grant certiorari if Impresa had filed such a petition; the issue is whether the 30-day EAJA period will start and end during the 90 days available for Impresa to request certiorari. Precedent weighs against creating a special category for voluntary dismissals in cases originating in the Court of Federal Claims, whereby it would be necessary to determine whether a petition for certiorari can be filed or might be granted, in order to calculate the period for filing an application under the EAJA. Taking cognizance of rulings of the Court and the regional circuits, we conclude that a clear rule better serves the interests of litigants and the courts, rather than encouraging, as here, satellite litigation on "functional" premises, adding cost and delay while not yet reaching the merits. We adopt a uniform rule for EAJA petitions in the Court of Federal Claims, whereby appeal rights from voluntary dismissals are presumed unless expressly disclaimed or specifically prohibited.

Applying this rule, Impresa's period for filing its EAJA fee application started on expiration of the period for filing a petition for certiorari from the final judgment of the Federal Circuit. The decision that Impresa's EAJA application was untimely is reversed. We remand to the Court of Federal Claims for determination of the merits of Impresa's EAJA application.

REVERSED AND REMANDED

# United States Court of Appeals for the Federal Circuit

2007-5009

IMPRESA CONSTRUZIONI GEOM. DOMENICO GARUFI,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in Case Nos. 99-CV-400 and 01-CV-708, Judge Emily C. Hewitt.

RADER, Circuit Judge, dissenting.

In this case, Impresa moved without opposition to voluntarily dismiss its appeal. Our court issued the mandate—by all measures a final judgment because it covered the entire case and all issues. The grant of the voluntary dismissal ended this litigation with a judgment that is "final and not appealable." See Melkonyan v. Sullivan, 501 US 89, 95-96 (1991). After all, Impresa cannot appeal the grant of its own motion. None of the exceptions to this rule in Briseno v. Ashcroft, 291 F.3d 377 (5th Cir. 2002), or Bryan v. Office of Personnel Management, 165 F.3d 1315 (10th Cir. 1999), apply to this voluntary dismissal which neither party could appeal. Therefore, Impresa cannot now revive a corpse it buried with its own motion.