# In the United States Court of Federal Claims

No. 16-53

(Filed: March 8, 2021)

```
*****************************************
JASON D. ENGLE,                          *
                                         *
                    Plaintiff,           *        RCFC 54(d); Attorney's Fees; 28
                                         *        U.S.C. § 2412(d)(1)(A); Equal
v.                                       *        Access to Justice Act; Motion to
                                         *        Strike
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
*****************************************
```

*Jason D. Engle*, O'Fallon, IL, *pro se.*

*William James Grimaldi*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

Before the Court are Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA) and Rule 54(d) of the Rules of the Court of Federal Claims (RCFC), Bill of Costs, and Motion to Supplement Motion for Attorney's Fees. Pl.'s Mot. for Att'y Fees (hereinafter "Pl.'s Mot."), ECF No. 12; Bill of Costs, ECF No. 13; Pl.'s Mot. to Suppl., ECF No. 14. Also before the Court is Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees, Bill of Costs, and Motion to Supplement. *See* Def.'s Mot. to Strike (hereinafter "Def.'s Mot."), ECF No. 15.

For the following reasons, Defendant's Motion to Strike is **GRANTED**, and Plaintiff's Motion, Bill of Costs, and Motion to Supplement shall be stricken.

## I.    BACKGROUND

Jason Engle, a *pro se* plaintiff, filed his complaint on January 12, 2016 alleging that his involuntary discharge from the United States Air Force violated federal law and service regulations and policies. *See* Compl., ECF No. 1. Specifically, Mr. Engle argues that because he was within six years of qualifying for retirement when he was passed over for promotion a second time, he should have been selected for continuation rather than being discharged. *Id.* Upon Defendant's unopposed motion, the Court consolidated sixteen related cases (including this case), instructing all filings be made under *Baude v. United States*, No. 16-49C. *See* Order,

ECF No. 7. Following a remand to the Air Force Board for Correction of Military Records (AFBCMR) and subsequent cross-motions for judgment upon the administrative record in the lead case, the Court issued an opinion granting Defendant's Motion for Judgment on the Administrative Record. *Baude v. United States*, 137 Fed. Cl. 441, 462 (2018). No. 16-49C, Dkt. No. 52.

Mr. Engle appealed and, on April 4, 2020, the United States Court of Appeals for the Federal Circuit issued an opinion vacating this Court's grant of Defendant's Motion for Judgment on the Administrative Record, reversing this Court's denial of Mr. Engle's cross motion for summary judgment, and ordering this Court to remand the case to the AFBCMR with instructions to convene a special board for reconsideration of Mr. Engle's non-continuation. *See Baude v. United States*, 955 F.3d 1290, 1306 (Fed. Cir. 2020). On November 19, 2020, this Court remanded the matter to the AFBCMR with instructions consistent with the Federal Circuit's opinion. *Id*; *see* Remanding Order, ECF No. 11. This Court also stayed the case and instructed the parties to file joint status reports indicating the status of the remand proceedings. *Id*. The following day, November 20, 2020, Mr. Engle filed a Motion for Attorney's Fees and Bill of Costs. *See* Pl.'s Mot.; Bill of Costs. On November 23, 2020, Mr. Engle filed a Motion to Supplement his Motion for Attorney's Fees. *See* Pl.'s Mot. Supp. Pleadings. In his Motion for Attorney's Fees, Mr. Engle contends he is "entitled to this award because [h]e was the prevailing party in [the] Court of Appeals for the Federal Circuit[.]" Pl.'s Mot. at 2.

On December 10, 2020, Defendant filed a Motion to Strike Plaintiff's Motion for Attorney's Fees, Motion to Supplement the Attorney Fees Motion, and Bill of Costs. *See* Def.'s Mot., ECF No. 15. Defendant argues that these filings by Plaintiff are premature because there is no final judgment in this matter and, under the EAJA, a motion for attorney fees and bill of costs must be filed within the thirty-day period after the date of final judgment. *Id*. In his Response, Mr. Engle acknowledges that his "bill of costs, motion for attorney's fees, and motion to supplement the motion for attorney's fees are premature." Pl.'s Resp. at 2, ECF No. 16. However, Mr. Engle requests the Court not strike but instead find his motion "to be sufficient even though premature[.]" *Id*. at 3. Defendant filed its Reply on December 23, 2020 again requesting that the Court strike Plaintiff's Motion for Attorney's Fees, Bill of Costs, and Motion to Supplement. Def.'s Reply, ECF No. 17.

## II.     LEGAL STANDARDS

The Equal Access to Justice Act (EAJA) creates an exception to the general rule that plaintiffs may not recover attorney fees from the United States. *See* 28 U.S.C. § 2412(d)(1)(A) (2018); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *see also Davis v. Nicolson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) ("The EAJA is a fee-shifting statute that allows a party who prevails in a civil action brought by or against the government to recover attorney fees and costs."); *Sullivan v. Finkelstein*, 496 U.S. 617, 630 (1990) ("The purpose of the EAJA [is] to counterbalance the financial disincentives to vindicating rights against the Government through litigation[.]"). In relevant part, it states:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to

any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Eligibility under the statute requires that: (1) the requesting party be a "prevailing party;" (2) the government's position was not substantially justified; (3) no "special circumstances make [the] award unjust;" (4) the fee application be submitted within thirty-days of final judgment in the action; and (5) the prevailing party have a net worth as an individual of less than $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(B); *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990). The plaintiff bears the burden of satisfying the eligibility requirements, then the burden shifts to the defendant to demonstrate that its position was substantially justified. *See RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999).

Under the EAJA, an application is timely if it is filed within thirty-days of final judgment 28 U.S.C. § 2412(d)(1)(A); *Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367, 1369 (Fed. Cir. 2008). A final judgment means a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). For purposes of 28 U.S.C. § 2412(d)(1)(B), a "final judgment" means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The thirty-day EAJA clock begins to run after the time to appeal that "final judgment" has expired. *Id.*

## III.    DISCUSSION

Mr. Engle argues he is "entitled to this award because [he] was the prevailing party" in the Federal Circuit's opinion that vacated this Court's judgment and reversed the denial of Plaintiff's cross-motion for summary judgment. *See* Pl.'s Mot.; *see generally Baude v. United States*, 955 F.3d 1290 (2020) (finding Mr. Engle demonstrated "the AFBCMR's decision [was] arbitrary, contrary to law, and unsupported by substantial evidence").

Defendant responds by arguing that Plaintiff's request for attorney's fees is premature. *See* Def.'s Mot. at 2. Defendant explains that this Court entered judgment on April 6, 2018; however, that judgment was ultimately vacated by the Federal Circuit. *Id.* at 3. Accordingly, there is no final judgment in this case. *Id.* Defendant argues that an application for attorney's fees and costs under the EAJA must be filed within thirty-days of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G), and "the [thirty]-day filing period is a jurisdictional prerequisite to the awarding of an attorney fee." *See id.* at 2-3 (citing *J.M.T. Machine Co., Inc. v. United States*, 826 F.2d 1042, 1048 (Fed. Cir. 1987)).

The Court agrees with Defendant. There has been no final judgment in this case as required by the EAJA. On appeal by Mr. Engle, the Federal Circuit vacated this Court's April 6,

2018 judgment. Thereafter, this Court remanded Mr. Engle's case to the AFBCMR and issued a stay pending the AFBCMR's decision. The Court retains jurisdiction, while the case is on remand. Thus, the thirty-day period for submitting an application under the EAJA has not been triggered, and Mr. Engle's Motion for Attorney's Fees, Motion to Supplement the Attorney's Fees Motion, and Bill of Costs are premature. Accordingly, the Court grants Defendant's Motion to Strike Plaintiff's filings. Mr. Engle, however, is not prejudiced by filing prematurely. He is permitted to file a new motion to recover attorney's fees and costs under the EAJA at the appropriate time—within thirty-days of a final, non-appealable judgment in his case.[1]

## IV.    CONCLUSION

Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees, Motion to Supplement, and Bill of Costs is **GRANTED**. Plaintiff's Motion for Attorney's Fees, Bill of Costs, and Motion to Supplement are hereby **STRICKEN,** subject to being re-filed at the appropriate time.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[1] Because the Court finds that there has been no final judgment as required by the EAJA, the Court does not address the remaining EAJA eligibility criteria or sufficiency of Plaintiff's application for attorney's fees and costs.