# In the United States Court of Federal Claims

No. 17-305

(Filed: June 15, 2022)

*****************************************

RYAN PIERRE TURNER,                  *
                                     *
                  Plaintiff,         *
                                     *        Motion to Dismiss; RCFC 12(b)(1);
         v.                          *        Motion to Amend; Motion to Transfer;
                                     *        Military Pay Act; Mootness.
THE UNITED STATES,                   *
                                     *
                  Defendant.         *
*****************************************

*Joseph Fellows*, Mobile, AL, counsel for Plaintiff.

*Mikki Cottet*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant.

## OPINION AND ORDER

**DIETZ, Judge**

After the Board for the Correction of Naval Records ("BCNR") granted relief for his wrongful termination claim, Plaintiff, Ryan Pierre Turner, argues that he is entitled to "treble damages" because of the government's actions. Mr. Turner also requests that the Court grant him leave to amend his complaint to include tort claims and, alternatively, that the Court transfer his case back to the United States District Court for the Southern District of Alabama ("District Court"). The government moves to dismiss his complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and requests that the Court deny his motions to amend his complaint and transfer his case.

The Court finds that Mr. Turner's claim for "treble damages" falls outside of this Court's jurisdiction because it is founded on a tort claim, not a money-mandating source of law. The Court also finds that allowing Mr. Turner to amend his complaint would be futile since this Court lacks jurisdiction over tort claims and that transferring his complaint to the District Court would not be appropriate because the District Court also lacks jurisdiction over his tort claims. Accordingly, the Court **GRANTS** the government's motion to dismiss and **DENIES** Mr. Turner's motions to amend his complaint and transfer his case.

## I. BACKGROUND

Mr. Turner was honorably discharged from active duty in the United States Marine Corps on July 30, 2014. April 19, 2021, BCNR Decision at 1, ECF No. 56. Following his discharge, Mr. Turner filed a complaint in the District Court alleging five claims against the United States Marine Corps: (1) racial discrimination, (2) negligence, (3) wantonness, (4) libel, and (5) wrongful termination. *See Turner v. United States*, No. 15-0666-KD-B, 2016 WL 7404865, at *1 (S.D. Ala. Dec. 21, 2016). The District Court dismissed his racial discrimination claim because neither Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* nor Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* are applicable to the United States Marine Corps. *See Turner*, 2016 WL 7404865, at *1. The District Court also dismissed his three tort claims as barred under the *Feres* doctrine.[1] *Id.* at *1-*2 (citing *United States v. Feres*, 340 U.S. 135, 146 (1950)). His wrongful termination claim was transferred to this Court because this Court possesses exclusive jurisdiction under the Tucker Act over Military Pay Act claims over $10,000. *Id.* at *2-3; 28 U.S.C. § 1491(a)(1).

After his case was transferred to this Court, Mr. Turner filed a transfer complaint seeking "just compensation from the United States for his wrongful termination." Transfer Compl. ¶ 1, ECF No. 4. The Court stayed proceedings to facilitate multiple reviews by the BCNR, *see* Order, May 1, 2017, ECF No. 7, which ultimately yielded the following relief for Mr. Turner: (1) removal of all derogatory documents from his Official Military Personnel File (OMPF); (2) restoration of his rank with all associated back pay and allowance; (3) promotion consideration by a FY14 Staff Sergeant Enlisted Remedial Selection Board (ESRB); (4) full separation pay; (5) reinstatement in the United States Marine Corps; and (6) Correction of his Primary Military Occupation Specialty ("PMOS") and recommendation for promotion consideration by an ESRB for Gunnery Sergeant.[2] *See* July 5, 2017, BCNR Decision, ECF No. 12; Sept. 5, 2017, BCNR Decision, ECF No. 14; Dec. 5, 2017, BCNR Decision, ECF No. 18; Apr. 19, 2021, BCNR Decision, ECF No. 56.

Following the BCNR decision on April 19, 2021, the government filed a status report stating that "Mr. Turner has now received all relief that the Court could grant him" and the government "respectfully request[s] a status conference with the Court to determine next steps." Def.'s Status Report, ECF No. 57. After the parties filed RCFC 52.2(e) notices, the Court ordered Mr. Turner to file for leave to amend his complaint and, in response, for the government to file a motion to dismiss. Order, Sept. 1, 2021, ECF No. 67. Mr. Turner subsequently moved for leave to amend his complaint, or, in the alternative, have the Court transfer his case back to the District Court, *see* Pl.'s Mot. for Leave to Amend, ECF No. 68 [hereinafter Pl.'s Mot.]. The government moved to dismiss his complaint for lack of subject-matter jurisdiction. *See* Def.'s Mot. to Dismiss, ECF No. 69 [hereinafter Def.'s Mot.]. Based on a review of the briefing, the

---

[1] The *Feres* doctrine holds that "the [g]overnment is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *United States v. Feres*, 340 U.S. 135, 146 (1950).

[2] As of September 16, 2019, Mr. Turner has been reinstated in the United States Marine Corps and is stationed at Camp Lejeune, North Carolina in the Wounded Warrior Battalion. Pl.'s Status Report, ECF No. 33.

Court has determined that oral argument is not needed and that the remaining issues are ripe for decision.

## II. DISCUSSION

### A. The Government's Motion to Dismiss

Mr. Turner does not challenge the government's position that he has been granted all the relief that he may be granted by the BCNR for his wrongful termination claim. *See* Pl.'s Mot. at 2 (stating that "[b]ackpay and correction of military records are a good start, and [he] is thankful"); *see also id.* at 4 ("Related to the [wrongful termination claim], there has been some relief given by the remand to the BCNR. It has provided Plaintiff Turner a sliver of justice that his records have been corrected and that he has been granted re-enlistment and some back pay and some benefits."). Instead, he argues that remand to the BCNR has not afforded him a satisfactory basis for disposition of his case because the Court "has a way to grant [him] more relief than the BCNR has granted him." *Id.* at 3. Specifically, he argues that the Court can award him "additional treble damages" because the government's actions related to his medical treatment made his wrongful termination worse. *See id.* at 4-5; *see also* Transf. Compl. ¶ 15 ("Plaintiff requests triple back pay for the hardships this has caused him"). However, despite Mr. Turner's contentions, this Court lacks jurisdiction to consider his remaining claim for "treble damages" because he fails to cite a money-mandating source of law that grants this Court authority to award such treble damages, and his claim is based on alleged medical negligence—a tort claim that falls outside of this Court's jurisdiction.

This Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This Court's jurisdiction is defined by the Tucker Act, which waives the sovereign immunity of the United States for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2018). The Tucker Act, however, is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushrooms Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To establish this Court's jurisdiction, a plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1990); *see also* RCFC 12(b)(1). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Mr. Turner fails to identify a money-mandating source of law that grants this Court authority to award treble damages. Wrongful termination claims by members of the military typically invoke the Military Pay Act as the money-mandating source of law. 37 U.S.C. § 204; *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). The Military Pay Act establishes entitlements to basic pay by uniformed servicemembers. 37 U.S.C. § 204(a). For a

wrongful termination claim under the Military Pay Act, a plaintiff alleges that, because of the wrongful termination, the plaintiff "is entitled to money in the form of pay that the plaintiff would have received but for the unlawful discharge." *Martinez*, 333 F.3d at 1303. If successful, the monetary relief to which the plaintiff is entitled under the Military Pay Act is the amount of pay that the plaintiff would have received had the wrongful termination not occurred. *Id*. In this case, Mr. Turner admits, and the record reflects, that he has received all the back pay owed to him. Pl.'s Mot. at 2; BCNR Decision, Apr. 19, 2021. Beyond his recovery of the back pay to which he is entitled, the Military Pay Act does not provide authority for this Court to award treble damages in the form of triple back pay. *See* 37 U.S.C. § 204.

Mr. Turner contends that this Court has jurisdiction to grant "treble back pay" because this claim should be viewed "through the scope" of his wrongful termination claim, not as a separate tort claim. *See* Pl.'s Mot. at 4. The Court does not agree. When analyzing a claim for subject-matter jurisdiction, the Court must determine "the true nature of the claim" and not simply accept the party's assertion that the Court possesses jurisdiction. *See Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) (citations omitted). Mr. Turner concedes that this Court does not have jurisdiction over tort claims, but he argues that he is entitled to treble damages because his "wrongful termination was made drastically worse . . . than it would have been for a typical wrongfully terminated Plaintiff because of the aggravating factor of an undiagnosed (by Defendant United States) traumatic brain injury." Pl.'s Mot. at 4. He also claims that two separate knee injuries "add to the extraordinary difficulties directly related to the wrongful termination." *Id.* at 3. While he attempts to frame his claim as an extension of his wrongful termination claim, *see id.* at 7, his claim for "triple back pay" is based on alleged medical negligence, which is a tort claim. *See Utley v. United States*, 813 Fed.Appx. 601, 603 (Fed. Cir. 2020) (citing *Rick's Mushroom Serv.*, 521 F.3d at 1343) ("A claim for professional negligence is a tort claim."). It does not matter that he frames his claim under non-tort law because "the essence of [his] claim lies in tort." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) (citing *Brown*, 105 F.3d at 623). The Court sympathizes with the hardships that Mr. Turner has endured in connection with his wrongful termination, but the Court cannot exercise jurisdiction over his claim for "treble damages" because it is founded on a tort claim.

Consequently, this Court cannot retain jurisdiction over Mr. Turner's case because it has been rendered moot. A case may be deemed moot "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue[.]" *Chapman Law Firm Co. v. Greenleaf Constr. Co., Inc.*, 490 F.3d 934, 939 (Fed. Cir. 2007). The BCNR granted Mr. Turner all the relief to which he is entitled for his wrongful termination claim, and his remaining claim for "treble damages" is outside of this Court's jurisdiction. Therefore, the government's motion to dismiss is **GRANTED**.[3]

---

[3] In his motion, Mr. Turner states that his original complaint "did ask for attorney's fees." *See* Pl.'s Mot. at 4. The Equal Access to Justice Act ("EAJA") permits a party to file a motion to recover attorney fees within thirty days of a final judgment. *See* 28 U.S.C. § 2412(d)(1)(A); *see Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367, 1369 (Fed. Cir. 2008). A "final judgment" means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Therefore, it would be premature for the Court to consider Mr. Turner's request for attorney fees prior to the entry of judgment. Mr. Turner is not precluded from filing a motion for attorney fees at the appropriate time.

### B. Mr. Turner's Motions to Amend and Transfer his Complaint

The Court will not grant Mr. Turner leave to amend his complaint to add tort claims because such an amendment would be futile. RCFC 15(a) governs amendments to pleadings. It states that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." RCFC 15(a)(2). A court, however, may deny a motion to amend a complaint if the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it would not survive a motion to dismiss. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006) ("When a party faces the possibility of being denied leave to amend on the ground of futility, that party must . . . proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion."). Mr. Turner seeks to add tort claims to his complaint. Pl.'s Mot. at 3 ("An amended complaint in the present action must include torts"). As discussed *supra*, it is well-established that tort claims are outside of this Court's jurisdiction. *Brown*, 105 F.3d at 623 (citing *Keene Corp. v. United States* 508 U.S. 200, 214 (1993)); *see also* 28 U.S.C. § 1491(a)(1) (excluding claims "sounding in tort" from this Court's jurisdiction). Because this Court lacks jurisdiction over tort claims, Mr. Turner's proposed amendment to add tort claims to his complaint would not survive a motion to dismiss and, thus, would be futile.

Acknowledging that this Court would lack jurisdiction over his tort claims, Mr. Turner alternatively argues that his tort claims could be heard if his case were retransferred back to the District Court. *See* Pl.'s Mot. at 4. However, the Court finds that transfer of this case is not appropriate. Transfer of a case requires that: (1) the transferor court lacks jurisdiction; (2) the transfer is in the interest of justice; and (3) the case could have been brought originally in the transferee court. *See* 28 U.S.C. § 1631.[4] Further, once a case has been transferred, law-of-the-case considerations disfavor retransfer of the case back to the original court except in "exceptional circumstances" such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Rodriguez v. United States*, 862 F.2d 1558, 1560 (Fed. Cir. 1988) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

The District Court dismissed Mr. Turner's tort claims as barred by the *Feres* doctrine. *Turner*, 2016 WL 7404865, at *1-2 (citing *Feres*, 340 U.S. at 146). Mr. Turner argues that the *Feres* doctrine no longer bars his claims because the National Defense Authorization Act for Fiscal Year 2020 ("NDAA"), codified at 10 U.S.C. § 2733 (2019), allows for claims of medical negligence against the government. Pl.'s Mot. at 6; Pl.'s Reply at 6, ECF No. 72. This understanding of the NDAA is incorrect. The NDAA empowered the Secretary of Defense to establish an administrative claims process to "allow, settle, and pay a claim against the United States for personal injury or death incident to the service of a member of the uniformed services that was caused by the medical malpractice of a Department of Defense health care provider." 10 U.S.C. § 2733(a). It required that the Secretary of Defense prescribe regulations to implement an administrative claims process. 10 U.S.C. § 2733(f)(1). Such regulations, which went into effect on July 19, 2021, establish the administrative claims process, equipped with an appeal mechanism. 32 C.F.R. § 45 (2021). Relevant to this case, section 45.14 states:

---

[4] Mr. Turner incorrectly cites 28 U.S.C. § 1404, *see* Pl.'s Mot. at 5, which authorizes a district court to transfer a civil case, not this Court.

> [T]he adjudication and settlement of a claim under this part is final and conclusive and not subject to review in any court. Unlike the [Federal Tort Claims Act], the Military Claims Act, which provides the authority for this part, does not give Federal courts jurisdiction over claims.

32 C.F.R. § 45.14 (2021) (internal citations omitted). Thus, contrary to Mr. Turner's contention, the NDAA does not affect the applicability of the *Feres* doctrine to his tort claims nor does it provide the District Court with jurisdiction to hear such claims. Since Mr. Turner's tort claims still could not have been brought originally in the District Court, his motion to transfer must be denied because it fails the third requirement of 28 U.S.C. § 1631.

## III. CONCLUSION

For the reasons above, the government's motion to dismiss is **GRANTED**. Mr. Turner's motion to amend is **DENIED**. Mr. Turner's motion to transfer is **DENIED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction under RCFC 12(b)(1). The Clerk is **DIRECTED** to enter **JUDGMENT**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge