# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2939

_____

Susan Sherry Sabhari;                       *
Ali Abdulla Sabhari,                        *
                                            *
            Appellants,                     *
                                            *
      v.                                    *   Appeal from the United States
                                            *   District Court for the
Denise Frazier, District Director,          *   District of Minnesota.
Citizenship and Immigration Services;       *
Eduardo Aguirre, Director, Citizenship      *   [UNPUBLISHED]
and Immigration Services; Michael           *
Chertoff, Secretary, Department of          *
Homeland Security; Alberto Gonzales,        *
United States Attorney General,             *
                                            *
            Appellees.                      *

_____

Submitted: May 13, 2010
Filed: July 26, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Susan and Ali Sabhari appeal the district court's determination that their request for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, was untimely. We reverse and remand for further proceedings.

After extensive litigation dating back to 1997, the Sabharis succeeded in obtaining relief against the United States Citizenship and Immigration Services (USCIS) when the district court directed the government to grant a Form I-130 visa petition recognizing the validity of the couple's marriage. The government appealed the district court's decision, however, then asked for a number of extensions of time in which to file an opening brief while awaiting authorization from the Solicitor General to proceed with the appeal. This prompted the Sabharis to file a motion to dismiss the appeal on the grounds it was unauthorized. In the alternative, the Sabharis asked this court to summarily affirm the district court.

While the Sabharis' motion to dismiss/summarily affirm was pending, the government filed a motion to dismiss its appeal, voluntarily, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. This court granted the government's motion and entered a final judgment.

Within 120 days of the final judgment, the Sabharis filed an application in this court requesting an award of fees under the EAJA. The government moved to dismiss the fee petition contending it was untimely because it had not been filed within thirty days of the judgment dismissing the appeal. See 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection[.]"). In its motion, the government argued the Sabharis did not obtain the benefit of the additional ninety days in which to file a petition for a writ of certiorari with the Supreme Court because they did not appeal the district court's decision and were therefore precluded from filing a petition for a writ of certiorari.

The Sabharis opposed the government's motion, contending they had the right to seek review in the Supreme Court because their motion to dismiss and/or for summary affirmance was still pending at the time this court entered final judgment,

and their rights were adversely affected when we failed to address their motion. The Sabharis claimed:

> [b]y granting Defendants' motion for dismissal and not adjudicating the Sabharis' motion, this Court did not address the legal issues of whether Defendants' appeal was frivolous and unauthorized, or whether the federal district court's decision was legally sound based on the applicable law and facts. The Sabharis certainly preferred a circuit court precedent on these crucial issues [because they are relevant in deciding whether prevailing parties are entitled to fees under EAJA]. As such, they had the option to pursue this matter further with the Supreme Court.

The Sabharis argued their petition was timely because it was filed within 120 days of the final judgment, i.e., thirty days plus the additional ninety days in which to file a petition for a writ of certiorari. See Impresa Contsruzioni Geom. Domenico Garufi v. United States, 531 F.3d 1367, 1372-72 (Fed. Cir. 2008) (concluding the ninety days for filing a petition for a writ of certiorari is included in the time for filing an EAJA fee request even in situations where an appeal in a circuit court is voluntarily dismissed); see also 28 U.S.C. 1254(1) (stating "any party" can petition for a writ of certiorari from "[c]ases in the courts of appeals"); Latham v. United States, 527 F.3d 651, 652-53 (7th Cir. 2008) ("Section 1254 . . . allows 'any' party, *including a prevailing party*, to petition for certiorari. It also allows review whether or not a court of appeals has issued a final decision. All that is necessary is that a case be 'in' the court of appeals.") (emphasis added).

After considering the arguments presented by both sides, we denied the government's motion to dismiss the fee request, effectively deciding the request was timely. This court went on to address the fee request on the merits. It was determined the Sabharis were not entitled to the fees they incurred at the appellate court level. The matter was remanded to the district court, however, to consider whether the Sabharis were entitled to the fees incurred in the district court proceedings.

Instead of addressing the merits of the Sabharis' fee request on remand, the district court concluded the fee request was untimely. The district court determined the Sabharis were not entitled to include the additional ninety days in which to file a petition for a writ of certiorari within the time period for filing their EAJA fee request because "neither party had a right to file a petition for a writ of certiorari." Sabhari v. Frazier, Civ. No. 06-196, 2008 WL 2152205, at *1 (D. Minn. May 21, 2008).

The Sabharis filed a timely appeal of the district court's decision. On appeal, they renew their argument they had the right to petition the Supreme Court for review of our final judgment, despite the fact the appeal was voluntarily dismissed. As a result, the Sabharis contend the ninety days for filing a petition for a writ of certiorari should have been included in determining whether the EAJA fee request was timely.

We addressed the timeliness of the EAJA fee request when we entered the order denying the government's motion to dismiss. This occurred before the remand to the district court. The district court therefore erred when it relitigated the issue of timeliness on remand, because our prior order was the law of the case.

The law of the case doctrine "prevent[s] the relitigation of a settled issue in a case." Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008). "The doctrine 'requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'" Id. (quoting United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995)). "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Carter, 490 F.3d 641, 644 (8th Cir. 2007) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). "The doctrine applies to decisions made by appellate courts[.]" Gander Mountain, 540 F.3d at 830.

The government argues the law of the case doctrine does not apply, claiming Keasler v. United States, 766 F.2d 1227 (8th Cir. 1985), conclusively establishes that the Sabharis' fee request was untimely. We decline to address this argument. Whether "right or wrong," In re Design Classics, Inc., 788 F.2d 1384, 1386 (8th Cir. 1986), the order denying the government's motion to dismiss became the law of the case and governed the parties in the subsequent proceedings in the district court.

We reverse and remand this case for further proceedings consistent with this opinion.

_____