# United States Court of Appeals for the Federal Circuit

---

**JEFFREY B. NORRIS,**
*Petitioner,*

**v.**

**SECURITIES AND EXCHANGE COMMISSION,**
*Respondent.*

---

2011-3129

---

Petition for review of an arbitrator's decision in case no. SEC-AR-09-005 by Daniel M. Winograd.

---

## ON APPLICATION FOR ATTORNEY FEES

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

## O R D E R

Jeffrey B. Norris ("Norris") applies for an award of attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the government's position was substantially justified, we deny the application.

## BACKGROUND

Norris was removed from his position as Trial Attorney with the Securities and Exchange Commission ("SEC") based on three incidents of misuse of government equipment by sending unauthorized or inappropriate

emails. Pursuant to a collective bargaining agreement, Norris sought arbitration. Norris did not dispute the charges or that his conduct was improper. He contended, however, that removal was not a reasonable penalty for his actions. Norris urged that a lesser penalty was appropriate, among other things, because his actions were influenced by several personal and family circumstances. Although the arbitrator allowed Norris to introduce evidence related to the improvement of his personal and family circumstances since his removal, he declined to consider that evidence in rendering a decision, explaining that "the issue before [him was] whether [the deciding official's] decision, based upon the facts and circumstances known to her at the time, was within tolerable limits of reasonableness." *Norris v. SEC*, 675 F.3d 1349, 1352 (Fed. Cir. 2012) (internal quotation marks omitted). On appeal to this court, Norris urged that it was improper for the arbitrator to not consider the post-removal evidence. The government contended that the arbitrator acted properly because, since Board review of penalties is limited to whether the penalty imposed was reasonable, such a determination must be based only on the evidence before the agency at the time of its decision.

We held that the arbitrator erred in refusing to consider post-removal evidence and vacated the arbitrator's decision, remanding for the arbitrator to "consider the post-removal evidence submitted by Norris" to determine whether the penalty of removal was reasonable. *Id.* at 1357. We explained that this holding followed from the fact that Congress required a full evidentiary hearing in appeals to the Board, and thus the Board should consider all relevant evidence introduced, even post-removal evidence, regarding the reasonableness of the penalty. We also recognized that the Board consistently considered post-removal evidence and that we had impliedly decided this issue in one of our decisions, *Malloy v. United States Postal Service*, 578 F.3d 1351 (Fed. Cir. 2009), in which we remanded a case so the Board could consider medical

evidence that included a post-removal report from a physician.

Norris now seeks attorneys' fees and expenses under 28 U.S.C. § 2412(d) in the amount of $62,863.80 for the fees and costs incurred in relation to his prior appeal. He properly filed his application here in the first instance. Fed. Cir. R. 47.7.

## DISCUSSION

Under the American rule, attorneys' fees are not awarded to a prevailing party absent explicit statutory authorization. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 602 (2001). One such authorizing statute, EAJA, provides that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphases added). Under this statute, fees must be awarded if the party seeking the award timely files its application for fees to the court, the applicant is a "prevailing party" in the litigation, the government's position in the case was not "substantially justified," and no special circumstances exist that would make an award unjust. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). We apply the same substantive standards to review of arbitration decisions as we do to review of Board decisions. *See Cornelius v. Nutt*, 472 U.S. 648, 652 (1985). Because Norris secured a remand to the

arbitrator based on an error in his decision, Norris is a prevailing party. *See, e.g., Kelly v. Nicholson*, 463 F.3d 1349, 1353 (Fed. Cir. 2006).[1]

The remaining question is whether the government's position was "substantially justified." One purpose of EAJA was to enable citizens to vindicate their rights against the government, particularly where, due to the government's greater resources and expertise and the limited amount at stake in relation to the cost of litigation, there otherwise would be no effective remedy, even in situations where the government was not justified in its refusal to provide relief. *See Scarborough v. Principi*, 541 U.S. 401, 406 (2004); S. Rep. No. 96-253, at 5 (1979). So too, Congress sought to discourage the government from initiating litigation that was not substantially justified. Congress determined that, because of its unique position, the government must be held to a higher standard in litigation than private parties, both as defendant

---

[1] Norris argues that he prevailed in another respect as well, namely that the arbitrator had improperly considered evidence not contained in the proposed notice of removal. Contrary to Norris's assertion in his EAJA application, he did not prevail as to this issue. While we held that the arbitrator could not sustain the decision to remove Norris based on evidence not in the proposed notice of removal, the government never contended that it was proper for the arbitrator to consider such evidence. Instead, the government urged that the arbitrator's mention of a single incident not in the proposed notice of removal was not a due process violation and was, at worst, harmless. We did not resolve the case on these grounds or set aside the arbitrator's decision on these grounds, ultimately finding that "[i]t is far from clear that the arbitrator's consideration of [the incident] played a significant role in the arbitrator's decision to sustain Norris's removal; the arbitrator's consideration of the conduct, while improper, may well have been harmless error." *Norris*, 675 F.3d at 1355. Even though Norris did not prevail as to this issue, he is a prevailing party because he prevailed on the other issue.

and plaintiff. *See* H.R. Rep. No. 96-1434, at 21 (1980) ("The Senate bill makes findings that certain named entities may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved and that because of the greater resources and expertise of the United States the standard for an award of fees against the United States should be different from the standard governing an award against a private litigant in certain situations.").

The statute thus discourages the government from asserting or defending claims where the claim or defense might not be frivolous but nevertheless should not have been brought or defended in the first place. *See* S. Rep. No. 96-253, at 6. To meet these goals, the "substantially justified" formula was adopted as an "acceptable middle ground between the mandatory award [of fees to prevailing parties] and the restrictive standard adopted in the Department of Justice draft proposal," which proposed that fees be awarded only where the contested government action was "arbitrary, frivolous, unreasonable, or groundless, or [where] the United States continued to litigate after it clearly became so." S. Rep. No. 96-253, at 2-3; *see also Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1465-66 (Fed. Cir. 1986).

To be substantially justified, the government's position need not be "correct," or even "justified to a high degree." *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988). Instead, the term "substantially justified" means that the government's position was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. In other words, in order to be substantially justified, the government's position must be "more than merely undeserving of sanctions for frivolousness" and must instead have "a reasonable basis in law and fact." *Id.* at 566 & n.2; *see also Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991) (holding that courts are "to look at the entirety of the govern-

ment's conduct and make a judgment call whether the government's overall position had a reasonable basis in both law and fact"); H.R. Rep. No. 96-1434, at 22 (1980) (Conf. Rep.) ("The test of whether the government's position is substantially justified is essentially one of reasonableness in law and fact."). Furthermore, in assessing the justification of the government's position, courts consider the clarity of the governing law, that is, whether "judicial decisions on the issue left the status of the law unsettled," *Nalle v. C.I.R.*, 55 F.3d 189, 192 (5th Cir. 1995), and whether the legal issue was novel or difficult. *Id.*; *see also Schock v. United States*, 254 F.3d 1, 6 (1st Cir. 2001) ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified."). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005).

This standard does not "raise a presumption that the Government position was not substantially justified, simply because it lost the case." *Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed. Cir. 1982) (quoting S. Rep. No. 96-253, at 7 (1980)), *superseded by statute on other grounds as recognized by Chiu*, 948 F.2d at 714-15.

We are satisfied that the government's position that the arbitrator's review of the penalty imposed should be based only on the evidence before the agency at the time of its decision was "substantially justified," that is, "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. First, we find that there was a reasonable basis in law for the government's theory. "It is a well-established rule of civil service law that the penalty for employee misconduct is left to the sound discretion of the agency." *Miguel v. Dep't of the Army*, 727 F.2d 1081, 1083 (Fed. Cir. 1984). In light of this, our cases establish

that Board review of an agency's penalty is not de novo but only to determine whether the penalty imposed by the agency "did strike a responsible balance within tolerable limits of reasonableness." *Douglas v. Veterans Admin.*, 5 MSPB 313, 333 (1981); *see also Lachance v. Devall*, 178 F.3d 1246, 1256-57 (Fed. Cir. 1999). The government reasonably argued that based on the limited review of penalties made by the Board and the policy concerns of leaving such determinations to the agency, it would follow that Board review should be limited to only the evidence existing before the agency at the time of its decision. Although we ultimately rejected the argument, we explicitly recognized that

> [s]ince the Board's review is designed to determine whether the agency's action was reasonable, *it can be argued that such a determination limits the Board's review to the evidence before the agency at the time of its decision.* After all, a court's review of agency action to determine whether it was arbitrary and capricious is typically limited to review of the agency record.

*Norris*, 675 F.3d at 1355-56 (emphasis added). The government's argument was thus based on established precedent and the established policy considerations underlying Board review of penalties.

Although we found that the issue in *Norris* had been "impliedly decided" by *Malloy*, 578 F.3d 1351, we find it relevant that Norris did not cite to *Malloy* in either of his briefs as precedent. This suggests that Norris did not view *Malloy* as controlling, and that *Malloy*'s importance as precedent was not immediately apparent. Indeed, on its face, the decision in *Malloy* was itself not clear, thus leaving room for the government to make a reasonable argument for a contrary result. In short, the government offered a reasonable legal argument on a somewhat "unsettled [and] difficult" issue, *Nalle*, 55 F.3d at 192, "over which reasonable minds could differ," *Free Speech*

*Coal.*, 408 F.3d at 618, regarding the scope of Board review.

The government's position was therefore substantially justified.

Accordingly,

IT IS ORDERED THAT:

Norris's application for attorneys' fees is denied.

FOR THE COURT

August 22, 2012                     /s/ Jan Horbaly
      Date                          Jan Horbaly
                                    Clerk


cc:  Michael J. Kator, Esq.
     Tara K. Hogan, Esq.