PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1700

MAURICE E. MEYER, III,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social
Security Administration,

Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.    Joseph F. Anderson, Jr., District
Judge.    (3:08-cv-03828-JFA)

Argued: May 14, 2014                    Decided: June 10, 2014

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by published opinion.   Judge Motz wrote the opinion, in
which Judge King and Judge Duncan joined.

**ARGUED**: Robertson H. Wendt, Jr., LAW OFFICES OF ROBERTSON WENDT,
North Charleston, South Carolina, for Appellant.   Jennifer
Randall, SOCIAL SECURITY ADMINISTRATION, Denver, Colorado, for
Appellee.   **ON BRIEF**: William N. Nettles, United States Attorney,
Marshall Prince, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Social Security claimant Maurice Meyer appeals the district court's denial of his motion for attorney's fees under the Equal Access to Justice Act ("the Act"). The Act provides that a party who prevails in litigation against the United States is entitled to an award of attorney's fees unless "the position of the United States was substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The district court determined that Meyer prevailed in his lawsuit against the Commissioner of Social Security, but that attorney's fees were unwarranted because the Commissioner had pursued a substantially justified position. For the reasons that follow, we affirm.

I.

Upon suffering a spinal injury in 2004, Meyer applied for Social Security disability benefits. An administrative law judge ("ALJ") denied the claim, reasoning that although Meyer suffered from a degenerative back condition, he retained the capacity to work.

In support of his conclusion, the ALJ noted that between August 2005 and June 2006, Meyer reported improvements in his overall condition, including greater mobility and reduced reliance on pain medication. In addition, numerous physicians

2

who treated Meyer indicated that he was in "no apparent distress," that he appeared to be "generally healthy," and that he could "ambulate independently." To be sure, Meyer offered a report by Dr. Barry Weissglass, a physician who, at Meyer's request, performed an "independent occupational evaluation" concluding that Meyer was unable to work outside the home. The ALJ did not find the report persuasive, however, noting that Dr. Weissglass was not Meyer's treating physician and that his findings conflicted with the weight of the evidence.[1]

Meyer sought review from the Social Security Appeals Council. Along with his request for review, Meyer submitted additional evidence, including a letter from Dr. Byron Bailey, the physician who performed Meyer's surgery. Although Dr. Bailey had not treated Meyer in the last two years, the doctor claimed that Meyer suffered from "chronic, debilitating . . . pain[,] which was anticipated due to the magnitude of his injury." Dr. Bailey further opined that Meyer would "continue to require frequent follow-up and medical management" and would likely require additional surgeries. At the close of his letter, Dr. Bailey noted his agreement "with the majority of [Dr. Weissglass's] findings."

---

[1] For a more complete recitation of the facts, see Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011).

The Appeals Council denied Meyer's request for review. In evaluating the claim, the Council stated that it found Dr. Bailey's letter to present "new and material" evidence, and so incorporated the letter into the record. See 20 C.F.R. § 404.970(b). Nevertheless, after considering all the evidence -- including the letter -- the Council declined to review the ALJ's decision. In light of the Council's pronouncement, the ALJ's decision became the "final decision" of the Commissioner of Social Security.

Meyer then sought review in federal court. In his complaint, Meyer asserted that the Appeals Council erred by failing to make "specific findings of fact" explaining why Dr. Bailey's letter did not merit considerable weight and attention. Meyer also argued that "substantial evidence" failed to support the Commissioner's decision. Specifically, he contended that the ALJ's rejection of Dr. Weissglass's findings could not stand in light of Dr. Bailey's conclusions. Additionally, Meyer claimed that the ALJ ignored the fact that his treatment schedule would require him to miss so much work that he was effectively unemployable.[2]

---

[2] Meyer conceded at oral argument that he failed to raise this argument with specificity before the ALJ. He nonetheless claims that the ALJ erred by failing to address the argument sua sponte.

4

In response, with respect to the failure of the Appeals Council to address Dr. Bailey's letter, the Commissioner argued that federal regulations did not require the Council to explain its evaluation of Meyer's application in detail. See 20 C.F.R. § 404.970(b). Accordingly, the Commissioner maintained that the Council's summary affirmance of the ALJ did not violate the law.

As to the merits of Meyer's application, the Commissioner argued that "substantial evidence" did support the Commissioner's decision. The Commissioner pointed out that copious medical evidence indicated that Meyer had made significant improvements since his surgery. Dr. Bailey's letter did not alter this analysis because the letter was not "new and material" evidence subject to administrative review: Dr. Bailey had ended his relationship with Meyer nearly two years before he authored the letter, and his findings simply echoed those of Dr. Weissglass. See Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (explaining that evidence is "new" if it is not duplicative, and "material" if there is a reasonable probability that the evidence would change the outcome). The Commissioner further argued that the failure to address Meyer's treatment schedule did not constitute error because Meyer failed to present evidence that his doctor's appointments would prevent him from maintaining a flexible, alternative work schedule.

The district court agreed with the Commissioner. See Meyer v. Astrue, No. 3:08-cv-3828-JFA-JRM, 2010 WL 1257626 (D.S.C. Mar. 25, 2010) (unpublished). On appeal, the parties reiterated their earlier arguments, with one important exception. The Commissioner no longer justified the Commissioner's decision on the ground that Dr. Bailey's letter was not new or material. Instead, the Commissioner now conceded that the letter was new and material evidence, but argued that it was not important enough to undermine the Commissioner's decision. As before, the Commissioner noted that Dr. Bailey had not treated Meyer recently and that his findings were duplicative of those of Dr. Weissglass.

In a published opinion, we affirmed in part and reversed in part. Meyer, 662 F.3d at 702. We agreed with the district court and the Commissioner that the Appeals Council was under no obligation to articulate its rationale for denying Meyer's request for review. Id. at 704–06. We noted that agency regulations require the Council to explain its analysis only if it "grant[s] [an applicant's] request [for review]," and in Meyer's case, the Council denied the request. Id. at 705 (quoting 20 C.F.R. § 404.967).

With respect to the merits, however, we held that, based on the record before us, we could not determine whether substantial evidence supported the Commissioner's decision. Id. at 707.

6

Accordingly, we remanded the case to the district court with instructions to remand to the ALJ so that he could consider and determine the import of Dr. Bailey's letter.  Id.  We indicated that, while doing so, the ALJ should also consider evidence of Meyer's absenteeism.  Id. at 707 n.3 (citing Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000)).

After the case was remanded, Meyer moved for attorney's fees under the Act.  The district court concluded that our remand to the ALJ meant that Meyer prevailed in his action against the Commissioner.  See Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993).  The court held, however, that fees were unwarranted because Meyer's case was "one of those close decisions about which reasonable persons could, and did, disagree."  As a result, it could not be said that the Commissioner had pursued a "substantially [un]justif[iable]" position.

Meyer noted a timely appeal.[3]

II.

The Equal Access to Justice Act provides that:

---

[3] After Meyer filed his motion for attorney's fees, Carolyn Colvin replaced Michael Astrue as acting Commissioner of Social Security.  For clarity, we continue to use masculine pronouns, as it is the litigation position of Commissioner Astrue, not acting Commissioner Colvin, that is at issue in this case.

7

[A] court shall award to a prevailing party[,] other than the United States[,] fees and other expenses . . . incurred by that party in any civil action . . . against the United States . . . <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The Act does not define the term "substantially justified." The Supreme Court has recognized, however, that the substantial-justification test is one of "reasonableness in law and fact." <u>Pierce v. Underwood</u>, 487 U.S. 552, 564-65 (1988). That is, "[t]he Government's position is substantially justified if it is . . . 'justified to a degree that could satisfy a reasonable person.'" <u>Cody v. Caterisano</u>, 631 F.3d 136, 141 (4th Cir. 2011) (quoting <u>Pierce</u>, 487 U.S. at 565). Of course, the Government need not prevail in an action for its position to have been substantially justified. Rather, the Government will avoid paying fees as long as "a reasonable person could [have thought]" that its litigation position was "correct." <u>Pierce</u>, 487 U.S. at 566 n.2.

"[In] determining whether the [G]overnment's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [G]overnment acted reasonably in causing the litigation or in taking a [particular] stance

8

during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).

> In doing so, it is appropriate to consider the reasonable overall objectives of the [G]overnment and the extent to which the alleged governmental misconduct departed from them. . . . Although an unreasonable stance taken on a single issue may . . . undermine the substantial justification of the [G]overnment's position, that question can be answered only by looking to the stance's effect on the entire civil action. [Thus,] while a party may become a "prevailing party" on a single substantive issue . . . , it does not automatically follow that the [G]overnment's position in the case as a whole is not substantially justified.

Id.

The Government bears the burden of proving substantial justification in the first instance. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Once the district court has determined the propriety of a fee, we review its decision for an abuse of discretion. Hyatt v. Barnhart, 315 F.3d 239, 245 (4th Cir. 2002).

III.

A.

Meyer does not contend that each and every one of the Commissioner's positions lacked a substantial justification. See Appellant's Br. 13; Reply Br. 1. On the contrary, he concedes that the Commissioner reasonably argued that Social Security regulations do not require the Appeals Council to

9

articulate its rationale for denying an applicant's request for review. See Appellant's Br. 13; Reply Br. 1. This concession seems inevitable since the Commissioner prevailed on this issue. See Meyer, 662 F.3d at 706.[4]

What Meyer contends is that the Commissioner unreasonably maintained that "substantial evidence" supported the Commissioner's decision. See Appellant's Br. 13-16. In particular, Meyer argues that the Commissioner acted unreasonably in asserting that Dr. Bailey's letter did not require reversal or remand to the ALJ. Id. at 13-15. Meyer contends that, because Dr. Bailey was his treating physician, the doctor's recommendation should have received significant, if not controlling, weight. See 20 C.F.R. § 404.1527(c)(2). In addition, Meyer argues that the Commissioner erred in defending the ALJ's failure to address his treatment schedule. See Appellant's Br. 16. According to Meyer, the fact that he would miss so much work to attend his various appointments tended to show that he was unfit for full-time employment. To comply with the substantial-evidence standard, Meyer asserts, the ALJ should have considered this issue. See Universal Camera Corp. v. Nat'l

---

[4] Meyer has also conceded that the Commissioner's position throughout the administrative proceedings was reasonable. See United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013) (holding that the Government's pre-litigation position is relevant to the attorney's fees analysis).

<u>Labor Relations Bd.</u>, 340 U.S. 474, 488 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.").

We disagree. First, it is difficult to conclude that the Commissioner's litigation position was not substantially justified when Meyer himself concedes that the Commissioner was correct with respect to one of the case's two issues. The Appeals Council's obligation to explain its rationale was an important issue that had divided lower courts before we resolved the matter in Meyer's appeal. <u>Compare</u> <u>Jackson v. Barnhart</u>, 368 F. Supp. 2d 504, 508 n.2 (D.S.C. 2005) <u>with</u> <u>Harmon v. Apfel</u>, 103 F. Supp. 2d 869, 873 (D.S.C. 2000). In determining whether the Commissioner advanced a reasonable litigation position, we must consider the case as a whole, <u>see</u> <u>Roanoke River Basin</u>, 991 F.2d at 139, and here, the Commissioner was right on one of two important issues.

Even as to the substantial-evidence issue, the matter before us was hardly clear-cut. The Commissioner argued that Dr. Bailey's letter was of limited utility because Dr. Bailey had not treated Meyer recently, and in any event, the information he provided was duplicative of Dr. Weissglass's findings. We believe that a reasonable person could have thought that this argument would prevail. Both Social Security regulations and our case law establish that a treating

11

physician's opinion is to be accorded comparatively less weight if it is based on the physician's limited knowledge of the applicant's condition or conflicts with the weight of the evidence. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 404.1527(c). Dr. Bailey's letter falls into both of these categories.

Finally, with respect to the argument about Meyer's treatment schedule, we find nothing unreasonable about the Commissioner's position. Meyer himself acknowledged at oral argument that he failed to raise the issue with specificity before the ALJ. As the Eighth Circuit has noted, an ALJ "is not obliged to investigate a claim not presented at the time of the [benefits] application . . . and not offered at the hearing as a basis for disability." Halverson v. Astrue, 600 F.3d 922, 934 (8th Cir. 2010). Accordingly, the Commissioner did not act unreasonably in defending the ALJ's decision.

## B.

Urging a contrary result, Meyer finds it significant that the Commissioner changed his position regarding the import of Dr. Bailey's letter. Before the district court, the Commissioner argued that the letter was not "new and material" evidence entitled to consideration by the Appeals Council; but on appeal, he conceded that the Appeals Council properly considered the evidence. Given this change of position, Meyer

12

argues that the Commissioner's original defense cannot meet the substantial-justification standard.

We are unpersuaded.  To be sure, the Commissioner initially staked out a curious position.  In asserting that Dr. Bailey's letter did not qualify as "new and material" evidence, the Commissioner implicitly argued that the Appeals Council erred in considering the letter.  See 20 C.F.R. § 404.970(b) (permitting the Appeals Council to consider "new and material" evidence submitted for the first time on appeal).  But to show that substantial evidence supported the Commissioner's decision, it sufficed for the Commissioner simply to show that the letter, though material to Meyer's application, did not impugn the integrity of the Commissioner's decision.  See Universal Camera, 340 U.S. at 477 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").  In other words, it would have been easier for the Commissioner to concede that the letter contained "new and material" information, but to argue that this new information was not significant enough to require reversal of the Commissioner's decision.  We note that this was precisely the argument the Commissioner made before us on appeal.

Despite the oddity of the Commissioner's original position, his misstep does not merit a fee award.  For the Commissioner's change of position did not alter the core of his argument.  At

13

every stage, in every brief, the Commissioner argued that Dr. Bailey's letter was of limited utility given that the doctor last examined Meyer years before his letter and his findings were duplicative of those of Dr. Weissglass. This position was a reasonable one, and any errors the Commissioner made in articulating it are not significant for purposes of a fee award under the Act. See Roanoke River Basin, 991 F.2d at 139 (holding that in determining whether the Government's position was substantially justified "it is appropriate to consider the reasonable overall objectives of the [G]overnment and the extent to which the alleged governmental misconduct departed from them").

IV.

For all of these reasons, the judgment of the district court is

AFFIRMED.

14