**Milton JACOBS, Plaintiff,**

v.

**Carolyn W. COLVIN, Defendant.**

**Civil Action No. 2:12cv508.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed Oct. 24, 2014.

John Harlow Klein, Montagna Klein Camden LLP, Norfolk, VA, for Plaintiff.

Mark Anthony Exley, United States Attorney Office, Norfolk, VA, for Defendant.

### ORDER

HENRY COKE MORGAN, JR., Senior District Judge.

This matter is before the Court on Milton Jacobs' ("Claimant") Motion for Attorney's Fees ("Motion") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 30. Carolyn Colvin ("Government" or "Commissioner") is sued as the Defendant in this case in her official capacity as Acting Commissioner of the Social Security Administration.

## I. BACKGROUND

Claimant filed an application for disability benefits on July 15, 2009, complaining of "severe impairments of obesity, migraines, chronic pain, bilateral osteoarthritis of the knees, hypertension, depression, hyperlipidemia and obstructive sleep apnea." Complaint, Doc. 1 at ¶ 4 (hereinafter "Compl."). After his application was denied twice, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at ¶¶ 4–5. After the hearing on May 17, 2011, the ALJ affirmed the denial of Claimant's disability benefits. *Id.* Next, Claimant requested review by the Appeals Council of the Office of Disability Adjudication and Review of the Social Security Administration ("Appeals Council"). *Id.* at ¶ 6. On July 10, 2012, the

Appeals Council denied review of the decision. *Id.*

Jacobs timely filed the instant action for judicial review on September 13, 2012. On September 14, 2012, the case was designated to a United States Magistrate Judge. Doc. 7. In accordance with a court order issued by that Magistrate Judge on December 14, 2012, Claimant filed a motion for summary judgment on January 16, 2013, Doc. 9, and the Commissioner filed a cross-motion for summary judgment on February 13, 2013. Doc. 11. On July 25, 2013, the Magistrate Judge issued his Report and Recommendation ("R & R"), Doc. 16, recommending that the Court vacate the final decision of the Commissioner and remand the matter for further review. Doc. 16 at 1. The R & R based this decision on the Commissioner's failure to adequately evaluate the Veterans Administration's ("VA") determination that Claimant was disabled. *Id.* This finding was considered especially important in light of the recent Fourth Circuit decision in *Bird v. Comm'r of Soc. Sec.,* 699 F.3d 337 (4th Cir.2012). On August 6, 2013, the Commissioner timely filed her objections to the R & R. Doc. 17. Claimant filed his response on August 12, 2013. Doc. 18.

On October 22, 2013, this Court issued an Order adopting Magistrate Judge Miller's R & R, denying the Commissioner's Motion for Summary Judgment, and granting Claimant's Motion for Summary Judgment. Doc. 20. The clerk's judgment was entered on October 22, 2013. Doc. 21.

On December 20, 2013, the Commissioner filed notice of appeal. Doc. 22. The record was transmitted to the Fourth Circuit on January 23, 2014. Doc. 23. On March 25, 2014, the Fourth Circuit dismissed the appeal pursuant to Local Rule 42(b) based upon the parties stipulated motion for voluntary dismissal with prejudice. Doc. 26.

On June 19, 2014, the Claimant filed the instant Motion seeking attorney's fees and expenses under EAJA. Doc. 31. The Commissioner responded in opposition on July 3, Doc. 32, and Claimant filed his untimely Reply on July 16, 2014.

## II. LEGAL STANDARD

### A. Timeliness

■ An application for attorney's fees under the EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A judgment becomes final, and thereby this thirty day period begins to run once the time for all parties to appeal has expired. *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (citing H.R.Rep. No. 99–120, p. 18 (1985)). Normally, this occurs ninety days after an order is issued by a court of appeals, when the parties' right to petition the Supreme Court of the United States expires. *See* Sup.Ct. R. 13(1).

■ In the context of a voluntary dismissal, the right to appeal is "presumed unless disclaimed or specifically prohibited." *Kiddey v. Shinseki,* 22 Vet.App. 367, 371 (2009) (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States,* 531 F.3d 1367, 1372 (Fed.Cir.2008)); *see also Ohio Valley Envtl. Coal. v. Hurst,* No. 3:03–2281, 2011 WL 3563295, at *4 (S.D.W.Va. Aug. 11, 2011). Therefore, even when the parties have voluntarily dismissed an appeal under Federal Rule of Appellate Procedure 42(b), the right to petition the Supreme Court for a writ of certiorari survives, regardless of the likelihood that it will be granted. *Id.*

**498**

### B. Attorney's Fees

 Under the EAJA, a "prevailing party" is entitled to attorney's fees and costs, unless the court finds that the Government's position was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d); *see also EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir.1994). A plaintiff who wins remand is a prevailing party under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Government bears the burden of demonstrating that its position is substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir.1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir.1988)).

 As the Fourth Circuit noted in *Cody v. Caterisano*, this inquiry is approached holistically, and courts are to "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the Government acted reasonably in causing the litigation or in taking a stance during the litigation." 631 F.3d 136, 141 (4th Cir.2011) (quoting *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132 (4th Cir. 1993)). When assessing the justification of the Government's position, the court considers "not what the law now is, but what the Government was substantially justified in believing it to have been." *Pierce v. Underwood*, 487 U.S. 552, 561, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Norris v. S.E.C.*, 695 F.3d 1261, 1265 (Fed. Cir.2012).

 " 'Substantially justified means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Clay Printing Co.*, 13 F.3d at 815 (quoting *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541). The Government does not need to "prevail in an action for its position to have been substantially justified." *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir.2014). Instead, "the Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.' " *Id.* (quoting *Pierce*, 487 U.S. at 566, n. 2, 108 S.Ct. 2541).

### III. ANALYSIS

### A. Claimant's Motion Is Timely

 The timing issue debated by the parties in this case is whether the voluntary dismissal of an EAJA appeal constitutes a final judgment, or if the judgment becomes final ninety days later when the parties indisputably have no further appeal available. This same issue has been raised in the context of the EAJA before a number of different forums recently. *See, e.g., Lizarraga Customs Broker v. Bureau of Customs & Border Prot.*, 33 ITRD 2150, at *12 (Ct. Int'l Trade 2011); *Sabhari v. Frazier*, 387 Fed.Appx. 672, 674 (8th Cir.2010); *Kiddey*, 22 Vet.App. at 371; *Impresa*, 531 F.3d at 1372; *Ohio Valley Envtl. Coal.*, 2011 WL 3563295, at *4.

 Some judges have agreed with the defense on the grounds that a party "cannot appeal the grant of its own motion." *Impresa*, 531 F.3d at 1372 (Radar, J., dissenting); *cf. Briseno v. Ashcroft*, 291 F.3d 377, 379 (5th Cir.2002) (dealing with a dismissal by a district court under Fed. R.Civ.P. 41(a)(2) as opposed to by a court of appeals). This position is attractive, especially given the remote possibility of such a petition for certiorari being filed or granted, but this Court feels that it is in error. Although the Federal Rules are silent on the subject, "[v]oluntary dismissals are generally considered to be appealable final orders." Don Zupanec, *Attorneys' Fees—Equal Access to Justice Act—Timeliness of Fee Application—Voluntary Dismissal*, 23 No. 8 Fed. Litigator 14

(2008) (citing *John's Insulation v. L. Addison & Assocs.*, 156 F.3d 101 (1st Cir.1998)); *see also Latham v. United States*, 527 F.3d 651 (7th Cir.2008).

The Federal Circuit recognized this same principle in *Impresa* when it found that the right to appeal is presumed to survive a voluntary dismissal "unless disclaimed or specifically prohibited." *Impresa*, 531 F.3d at 1372. Here, the voluntary dismissal entered by the Fourth Circuit neither disclaimed nor prohibited further appeal. *See* Doc. 27. Accordingly, judgment was not final in this case until all parties' right to petition for certiorari had expired. Therefore, the Court **FINDS** that Claimant's Motion was timely and may be considered on its merits.

## B. The Commissioner's Position was "Substantially Justified"

■ Claimant argues that he is entitled to receive attorney's fees and costs pursuant to EAJA, because he is the prevailing party in this action, his net worth did not exceed two million dollars at the time the action was filed, and the Commissioner's position in this litigation was not substantially justified. Doc. 31 at 3. The Commissioner opposes Claimant's Motion on the basis that the Government's position had a reasonable basis in law and fact, and was therefore substantially justified. Doc. 32 at 1. Based on careful consideration of the ALJ's decision, the prevailing law at the time, and all other relevant evidence, the Court agrees with the Commissioner and **FINDS** that the Government was substantially justified both in its denial of Claimant's requests and its positions taken before this Court.

The decision of the ALJ in this case was remanded because the decision did not provide the requisite "explicit detail" in explaining why the ALJ departed from the VA's determination on Claimant's disabili-

ty benefits. Doc. 20 at 11. This requirement of "explicit detail" stemmed from the Fourth Circuit's decision in *Bird v. Commissioner of Social Security* where that case was remanded due to an ALJ's failure to give "adequate consideration to the VA rating decision." 699 F.3d at 345. This ruling, however, was handed down in 2012, after the ALJ's decision in this case.

While remanding the case for more careful consideration, this Court also remarked that the ALJ "wrote four paragraphs detailing his explanation for rejecting the VA's determination." Doc. 20 at 11. Although this degree of consideration was found to be insufficient under *Bird*, it is still evidence of a substantially justified position. This point is accentuated by the fact that *Bird* had not yet been decided when the ALJ was reviewing Claimant's case.

In deciding the instant Motion, the Court does not hold the Commissioner to the same standard that led to remand. Instead, the Commissioner prevails here if the Court finds that the ALJ's decision and the supporting legal positions taken before this Court, even if incorrect, had a reasonable basis in law and fact. *See Clay Printing Co.*, 13 F.3d at 815. Measuring against this relatively low threshold, and taking into consideration the "detailed analysis and explanation" provided by the ALJ in issuing the denial of benefits, Doc. 20 at 11, this Court **FINDS** that a reasonable person could have thought that the ALJ's decision and the Commissioner's subsequent defense of that position were correct, *See Meyer*, 754 F.3d at 255. Therefore, the Commissioner's position was substantially justified and Claimant's Motion is **DENIED**. Accordingly, the parties' debate over the reasonableness of claimed fees is moot and need not be addressed by this Court.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Claimant's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412(D).

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED.**