**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2361

MILTON JACOBS,

            Plaintiff - Appellant,

      v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security
Administration,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior
District Judge.  (2:12-cv-00508-HCM-DEM)

Submitted:  June 25, 2015              Decided:  July 7, 2015

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Klein, MONTAGNA KLEIN CAMDEN LLP, Norfolk, Virginia, for
Appellant.  Nora Koch, Acting Regional Chief Counsel, Jordana
Cooper,  Assistant  Regional  Counsel,  SOCIAL  SECURITY
ADMINISTRATION, Philadelphia, Pennsylvania; Dana J. Boente, United
States Attorney, Mark A. Exley, Assistant United States Attorney,
Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton Jacobs appeals the district court's order denying his motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2012). We review the denial of a motion for fees under the EAJA for abuse of discretion. Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014).

At issue is whether the Commissioner was substantially justified in her litigation position in Jacobs' suit in federal district court following the completion of Jacobs' administrative proceedings. See id. (explaining that attorney's fees are awarded under the EAJA only if the Government's litigation position is not substantially justified and that, for a position to be substantially justified, it must be reasonable "in law and fact" (internal quotation marks omitted)). Specifically, the Commissioner advanced that this court's holding in Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012), did not require a remand to the administrative law judge for reconsideration of the weight to afford the disability rating Jacobs previously received from the Department of Veterans Affairs, because the administrative law judge had fully explained his reasons for affording that rating little weight.

The district court ruled that the Commissioner's position, although ultimately not successful, was substantially justified and thus that Jacobs was not entitled to attorney's fees. On this

2

record, we discern no abuse of discretion in this conclusion and therefore affirm the denial of Jacobs' motion for attorney's fees for the reasons stated by the district court. See Jacobs v. Colvin, No. 2:12-cv-00508-HCM-DEM (E.D. Va. Oct. 24, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED