**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-1519**

———————————

CHRISTOPHER D. PARHAM,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, Magistrate Judge. (3:14-cv-00283-DJN)

———————————

Submitted: November 30, 2015    Decided: December 28, 2015

———————————

Before GREGORY, DUNCAN, and THACKER, Circuit Judges.

———————————

Reversed and remanded by unpublished per curiam opinion.

———————————

Thomas Bryan Byrne, North Chesterfield, Virginia, for Appellant. Nora Koch, Acting Regional Chief Counsel, Charles Kawas, Acting Supervisory Attorney, David E. Somers, III, Assistant Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Dana J. Boente, United States Attorney, Jonathan H. Hambrick, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher D. Parham appeals the district court's order affirming the Commissioner's denial of disability insurance benefits and supplemental security income. For the reasons that follow, we reverse and remand.

On appeal, Parham asserts that a January 30, 2013 questionnaire completed by Dr. DePalma, one of Parham's treating physicians, was new and material evidence that rendered the disability determination of the Administrative Law Judge ("ALJ") unsupported by substantial evidence. Effectively, Parham asserts that the questionnaire, which was submitted to the Appeals Council and made part of the administrative record, obligated a remand to the ALJ.

When a claimant submits to the Appeals Council "new and material evidence relating to the period on or before the date of the ALJ decision," the Appeals Council is required to consider that evidence when deciding whether to grant review over an ALJ decision. Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95 (4th Cir. 1991); see 20 C.F.R. §§ 404.970(b), 416.1470(b) (2015). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011) (internal quotation marks omitted). In evaluating whether

2

remand is necessary, we view the administrative record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's decision. Wilkins, 953 F.2d at 96; see Meyer v. Colvin, 754 F.3d 251, 257 (4th Cir. 2014) (considering whether new evidence "impugn[s] the integrity" of ALJ's decision).

Our review of the record leads us to conclude that Dr. DePalma's questionnaire constitutes new and material evidence that should have prompted a remand to the ALJ for full and appropriate consideration. Accordingly, we reverse the judgment of the district court and remand with instructions to reverse the decision of the Commissioner and remand the case for a rehearing pursuant to 42 U.S.C. § 405(g) (2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

REVERSED AND REMANDED