**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER ROUNDS, | No.   16-35588 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00342-MA |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted April 11, 2017[**]

Before:   W. FLETCHER and HURWITZ, Circuit Judges, and BAYLSON,[***]
District Judge.

We previously affirmed in part and vacated in part the decision of an

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. Fed. R. App. P. 34(a)(2).

[***]       The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Administrative Law Judge ("ALJ") denying Heather Rounds's application for Supplemental Security Income benefits, and remanded for the ALJ to resolve an apparent conflict between the testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 999 (9th Cir. 2015). On remand, Rounds applied for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The district court denied the fee application, and this appeal followed.

Fees are not available under the EAJA if the Commissioner's position was "substantially justified." *Id.* "Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "Thus we must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (internal quotation marks and citations omitted).

We review a district court's denial of fees under the EAJA for abuse of discretion. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). The district court did not abuse its discretion in concluding that the Commissioner's position was substantially justified both before the ALJ and during the subsequent litigation.

2

Prior to *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015), district courts in our circuit were divided as to whether the ALJ was required to reconcile conflicts between the VE's testimony and one of the DOT GED Reasoning Level 3 at Step Five of the five-step sequential evaluation process. *See id.* at 846-47 ("District courts in our circuit that have confronted this issue are also divided."). Therefore, the Commissioner's position before the ALJ in this case, which involved an analogous situation of conflicts between a VE's testimony and DOT's GED Reasoning Level 2 at Step Five, was not unreasonable under then-existing law. *See Rounds*, 807 F.3d at 1002-04. And, because *Zavalin* was not issued until after the briefing on appeal in this case closed, the Commissioner's litigation position was also not unreasonable.

**AFFIRMED.**