**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 19-2138**

─────────

NIKKI T. THOMAS,

        Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security,

        Defendant - Appellee.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cv-00836-MOC)

─────────

**No. 19-2139**

─────────

SUSAN E. KELLER,

        Plaintiff - Appellant,

    v.

ANDREW SAUL, Commissioner of Social Security,

        Defendant - Appellee.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Frank D. Whitney, District Judge. (5:17-cv-00001-FDW)

─────────

Submitted: June 25, 2020                               Decided: July 7, 2020

---

Before WYNN, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellants. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Gill P. Beck, Assistant United States Attorney, Chief, Civil Division, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nikki T. Thomas and Susan E. Keller appeal from the district courts' order denying their motions for attorney's fees under the Equal Access to Justice Act ("EAJA"). On appeal, Appellants assert that the Commissioner's litigation positions were not substantially justified, and as such, the district courts erred in denying their fee motions. We affirm.

Appellants' requests for EAJA fees stem from their challenges of the Commissioner's decisions that they were not disabled and, hence, not eligible for social security benefits. When Appellants appealed the Commissioner's decisions to the district court, the Commissioner prevailed. Of relevance to the instant appeal, both district courts held that there was no apparent unresolved conflict between the definitions of reasoning levels 2 and 3 in the Dictionary of Occupational Titles ("DOT") and the testimony of the vocational experts who testified at Appellants' administrative hearings.[1]

---

[1] Specifically, the vocational experts testified regarding available jobs for an individual who was limited to "short, simple instructions." The vocational expert listed certain jobs that required DOT reasoning levels of 2 or 3. Reasoning Level 2 is defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." 1991 WL 688702. Level 3 is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.* The Administrative Law Judge (ALJ) has an affirmative duty to ask the vocational expert about any possible conflict between her evidence and language in the DOT. *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019). In addition to asking the expert whether her testimony conflicts with the DOT, the ALJ must also independently identify any "apparent" conflicts and obtain a reasonable explanation for them. *Pearson v. Colvin*, 810 F.3d 204, 208-09 (4th Cir. 2015). An apparent conflict is any point on which (Continued)

Appellants appealed from the district court's order. This court reversed and remanded to the district court with instructions to remand the case to the Commissioner. In Thomas's appeal, all three members of the panel agreed that the Administrative Law Judge (ALJ) erred by failing to identify and resolve the apparent conflict "between a limitation to 'short, simple instructions' (as found in Thomas's RFC) and a need to carry out 'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019). In Keller's appeal, in an unpublished opinion decided shortly before the decision in *Thomas*, we held that the ALJ erred by failing to identify and resolve an apparent conflict between a limitation to short and simple instructions and the DOT's definition of reasoning level three. *Keller v. Berryhill*, 754 F. App'x 193, 197–99 (4th Cir. 2018) (No. 17-2248).

Following our remand orders, Appellants sought attorney's fees under the EAJA in the district court. The Commissioner opposed the requests, arguing that no fees were warranted because the Commissioner's litigation position was substantially justified. The district courts agreed and denied the motions for fees. Appellants timely appealed, and their appeals have been consolidated for review.

A claimant is entitled to an award of fees under the EAJA if: (1) the claimant is a prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed her petition

---

the VE's testimony "seems to, but does not necessarily, conflict with the [DOT]." *Id.* at 209.

supported by an itemized statement. 28 U.S.C. § 2412(d) (2018). The Government's position is "substantially justified" if there is a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, alterations, and citations omitted). It is the Government's burden to show that its position was substantially justified. *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014).

This burden, though, is not overly onerous. To demonstrate substantial justification for a position, the Government need only be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person[,]" *Pierce*, 487 U.S. at 565 (internal quotation marks omitted), and the Government may be substantially justified in its position even if it does not prevail on it. *Meyer*, 754 F.3d at 255; *see Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139-40 (4th Cir. 1993) (affirming the district court's denial of attorney's fees, even though plaintiffs had prevailed on two issues, because the Government's overall position was "substantially justified"). The Government's position is substantially justified so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

We review the district court's decision to deny a claimant's request for EAJA fees for an abuse of discretion. *Id.* at 559; *Priestly v. Astrue*, 651 F.3d 410, 415 (4th Cir. 2011). "A district court abuses its discretion by resting its decision on a clearly erroneous finding of a material fact, or by misapprehending the law with respect to underlying issues in litigation." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (internal quotation marks omitted).

In finding that the Commissioner's positions were substantially justified, the district courts relied on the fact that the Western District of North Carolina had repeatedly rejected the precise argument the Appellants raised.[2]  In addition, the district courts noted that the basis for the remand might not ultimately affect the ALJ's decision, because this Court did not decide that an actual conflict existed or that the Appellants were disabled.

Appellants contend first that the district courts' reliance on the prior Western District cases was inappropriate, because those cases determined that there was no conflict between reasoning level 2 or 3 and the vocational expert's testimony, while the issue at this point in the litigation is whether there was an "apparent" conflict that the ALJ failed to resolve.  Put another way, Appellants assert that the conflict in this case was "apparent" and required an independent examination, because other district courts in different districts and circuits had ruled contrary to the Western District.  Appellants further assert a public policy argument that the Commissioner's position would improperly require claimants to litigate conflict and obtain case law before an award under the EAJA could be made.

We find that Appellants' assertions are without merit.

The issue is whether the Commissioner's position (that there was no apparent conflict) was substantially justified.  The disagreement between the courts and the repeated

---

[2] *See, e.g., Carringer v. Colvin*, No. 2:13-CV-27-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014) ("There is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work; thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3."); *Clontz v. Astrue*, No. 2:12-cv-12-FDW, 2013 WL 3899507, at *5 n. 6 (W.D.N.C. Jul. 29, 2013) (same re: reasoning level 3).

adoption of the Commissioner's stance by the Western District lend credence to the conclusion that the Commissioner's position was reasonable. Given that Western District judges had repeatedly ruled in the Commissioner's favor, it is difficult to find that the Commissioner's position was unjustified. *See Pierce*, 487 U.S. at 569 (noting that whether one court agreed or disagreed with the Government does not establish that the government's position was not substantially justified, but a string of court decisions going either way can be indicative); *Patrick v. Shinseki*, 668 F.3d 1325, 1332 (Fed. Cir. 2011) ("Whether or not the position adopted by the government comports with then-existing precedent on a particular issue is an undeniably important factor in the assessment of whether that position was substantially justified."). And the fact that there was also legal support for the opposite determination does not change this conclusion. *See Rounds v. Berryhill*, 697 F. App'x 511 (9th Cir. 2017) (unpublished) (affirming denial of EAJA fees where ALJ and Commissioner took the position there was no apparent conflict between vocational expert testimony and the DOT, and district courts were split on the issue at the time the Government took that position).

In addition, our later rulings make clear that the determination of an "apparent conflict" in these cases was not a foregone conclusion. For example, in *Lawrence v. Saul*, 941 F.3d 140, 143 & n.8 (4th Cir. 2019), we ruled that there is no apparent conflict between a limitation to "simple, routine, repetitive tasks" and the reasoning required by Level 2 occupations. Although the instant cases were similar to *Lawrence*, we came to different conclusions based on Appellants' specific limitations and the parsing of language. *See Keller*, 754 F. App'x at 197-99 (finding that there was an apparent conflict between a job

7

with a Level 3 reasoning classification and an residual functional capacity (RFC) restricting the claimant to a job with "short and simple instructions"); *Thomas*, 916 F.3d at 313 ("[T]here is an apparent conflict between a limitation to short, simple instructions (as found in Thomas's RFC) and a need to carry out detailed but uninvolved . . . instructions (as found in jobs requiring Level 2 reasoning)." Given the similarity of the issue in *Lawrence* to the instant dispute and the disparity of the conclusions, we conclude that the issues at hand were reasonably arguable by both parties.

Finally, Appellants assert that ruling for the Commissioner in this case will lead to the absurd conclusion that the Commissioner is free to litigate illogical positions regarding conflicts so long as the issue is a novel one in this court, without concern for EAJA fees. However, an obvious conflict would almost certainly have no legal support for the conclusion that it was not "apparent." In the instant case, the parties agree that, prior to Appellants' suits, judicial minds disagreed as to whether there was an apparent conflict, as evidenced by inconsistent decisions from different districts and circuits. Contrary to Appellants' argument, just because an issue is "novel," in that it has not yet been addressed, does not mean that every stance on that issue would be substantially justified.

Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

8